SEYMOUR H. KNOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82450.    Promulgated October 8, 1937.

*Ralph M. Andrews, Esq.*, for the petitioner.
*Ralph F. Staubley, Esq.*, for the respondent.

#### OPINION.

ARNOLD: Respondent has determined a deficiency in gift tax under the Revenue Act of 1932 in the amount of $950. The facts are stipulated as follows:

1. Seymour H. Knox, the petitioner herein, is and at all times material was a resident of the City of Buffalo, New York.

2. On December 26, 1934, petitioner entered into an agreement of trust with The Marine Trust Company of Buffalo, a trust company incorporated under the laws of the State of New York, with its principal office in the City of Buffalo, New York, and himself, as trustees, a true and correct copy of which

agreement of trust is attached hereto, designated Exhibit "A" and hereby made part hereof.

3. Seymour H. Knox, III, one of petitioner's children referred to in Article "First" of said agreement of trust (Exhibit "A"), was born on March 9, 1926, and Northrup R. Knox, the other of Grantor's children referred to in said Article "First", was born on December 24, 1928. Both of said children are now living.

4. On December 26, 1934, pursuant to paragraph "First" of the agreement of trust (Exhibit "A"), petitioner assigned, transferred and delivered to the trustees, without any valuable consideration whatsoever, and the trustees accepted, certificates representing the securities described in said agreement of trust, which, on the date of said transfer, had an aggregate fair market value of $583,470.00. The trustees throughout the balance of the calendar year 1934 and thereafter have continued to hold the property so transferred to them or the proceeds thereof subject to the terms of the agreement of trust dated December 26, 1934 (Exhibit "A").

5. Petitioner made no gift or gifts within the calendar year 1934 other than the transfer of securities on December 26, 1934, above described, and petitioner made no other gifts between June 6, 1932, and December 31, 1933, both dates inclusive.

6. Thereafter and on or about March 15, 1935, petitioner duly filed with the Collector of Internal Revenue at Buffalo, New York, a gift tax return, in which he reported total gifts within the year 1934 of $583,470.00. In determining net taxable gifts in his return, petitioner deducted an amount of $10,000.00, upon the ground that the transfer of securities on December 26, 1934, constituted a gift of a present interest to each of his two children, and further deducted the specific exemption of $50,000.00, leaving net taxable gifts for the year 1934 of $523,470.00. Petitioner reported a tax of $37,854.65 on said return.

7. Thereafter in his final determination dated September 17, 1935, the Commissioner disallowed the exclusions of $10,000.00 upon the ground that "no exclusions are allowed as the trustees may, in their discretion, accumulate the income, and beneficiaries do not have an unrestricted present right to the immediate use of the income or corpus of the trust."

Section 2 of the trust agreement is as follows:

Second: The Trustees shall take and hold the securities so assigned, transferred and delivered to them, together with such additional property as may hereafter from time to time be delivered to them by the Grantor, and shall invest and from time to time reinvest the same and collect the income, issues and profits arising from the property from time to time constituting the trust fund, and, from time to time during the continuance of this trust, shall pay over the net income to or for the benefit of the Grantor's children (including any child or children of his born after the date of this instrument) and the lawful issue of any deceased child or children of the Grantor, in equal shares, per stirpes and not per capita, with the right to the Trustees in their discretion to accumulate income for the benefit of the Grantor's children, or either of them, in being at the date of this instrument, during minority, paying over any such accumulations to the child for whose benefit the same were accumulated upon his arrival at the age of twenty-one years, or the sooner termination of this trust. The birth of any child or children of the Grantor after the date of this instrument shall not require the redistribution of any income theretofore received by the Trustees, such afterborn child or children, as to the in-

come of the trust, to be entitled to participate only in net income subsequently received by the Trustees.

Upon the death of the survivor of said Seymour H. Knox, III, and Northrup R. Knox, the trust hereby created shall cease and terminate, and the Trustees shall thereupon transfer and deliver the property then constituting the trust fund unto the then surviving child or children of the Grantor and the lawful issue then surviving of any deceased child or children of his, in equal shares, per stirpes and not per capita, and if there shall be no surviving child or children or issue, the said property shall be transferred and delivered to the persons entitled to take as distributees of the Grantor as then determined by the intestate laws of the State of New York, such determination to be made as if the Grantor had died on the date of the termination of the trust.

The trustees were given broad powers and authority to manage and administer the trust property as well as to invest and reinvest any income or property accumulated. The right of a beneficiary to receive trust income could not be assigned in any manner and if attempted could not be recognized by the trustees.

Section 501 (a) of the Revenue Act of 1932 provides for the imposition of a tax "upon the transfer * * * by an individual * * * of property by gift", and subsection (b) provides that "The tax shall apply whether the transfer is in trust or otherwise * * *."

Section 504 (b) reads as follows:

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

Section 1111, "DEFINITIONS", provides in part:

(a) When used in this Act—

(1) The term "person" means an individual, a trust or estate, a partnership, or a corporation.

The sole question raised is whether the transfer of the securities to the trustees constituted "gifts (other than of future interests in property)", or whether, as the respondent held, future interests.

Under the provisions of the trust the income could be accumulated in the discretion of the trustees during the minority of the children then in being and any such accumulations paid over to them upon their arrival at the age of 21 years or the prior termination of the trust.

Respondent argues that as the beneficiaries who might ultimately receive the income or trust corpus were presently unknown and the trustees could accumulate the income, no vested interests were acquired during the calendar year in question, and that since the interests of the children were to vest in possession at a future date, the gifts fall within the exception specified in the statute and the deduction claimed is to be denied.

Respondent states that the intent of Congress is clear, in view of the language of the committee reports, wherein it is stated that the term "future interests in property" refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date.

The question raised and presented for our determination has been determined adversely to respondent's contention in the following cases: *Thomas E. Wells*, 34 B. T. A. 315; affd., 88 Fed. (2d) 339; *Commissioner* v. *Krebs*, 90 Fed. (2d) 880, affirming Board memorandum opinion not reported; *Noyes* v. *Hassett*, 20 Fed. Supp. 31.

While here there were two beneficiaries in being at the time of the execution of the trust instrument and in the cases referred to there was but one beneficiary in each trust, we do not think under the reasoning of the courts in those cases petitioner is entitled to two exclusions of $5,000 each as contended for by him as there is but one trust involved in this proceeding. There the statutory definition, that the term "person" as used in the act means "a trust", was stressed and the courts held that the trusts were the "persons" to whom the gifts were made and took present title to and possession of all the property from the donor.

We hold petitioner is entitled to an exclusion deduction of $5,000 under section 504 (b).

Reviewed by the Board.

*Decision will be entered under Rule 50.*