KATHERINE S. RHEINSTROM, WHOSE TRUE NAME IS KATHERINE STEWART CLIFFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86035. Promulgated February 9, 1938.

*Donald F. Pratt, Esq.*, for the petitioner.
*I. M. Tullar, Esq.*, for the respondent.

312

OPINION.

KERN: The first question involved in this proceeding is whether, in calculating the value of the property which forms the corpus of the gift made by petitioner to the trust established by her and subject to tax under the Revenue Act of 1932, as amended by the Revenue Acts of 1934 and 1935, there should be excluded the sum of $20,000, as petitioner contends, or, as respondent contends, the sum of $5,000. The pertinent section of the act, section 504 of the Revenue Act of 1932, is set out in the margin.[1]  The contention of the petitioner is based upon the argument that since there are four beneficiaries under the trust instrument (in addition to the petitioner herself), there are four gifts, and, therefore, there should be four exclusions of $5,000 each, or a total of $20,000.

In this case there was a gift of one corpus to one trust by virtue of one trust instrument. Although there were four beneficiaries, there was but one transfer made by the petitioner, which was to the trust itself. We must, therefore, conclude on the authority of previous decisions that but one gift was made, and only $5,000 may be excluded.

---

[1] SEC. 504. NET GIFTS.

(a) GENERAL DEFINITION.—The term "net gifts" means the total amount of gifts made during the calendar year, less the deductions provided in section 505.

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

*Seymour H. Knox,* 36 B. T. A. 630. Cf. *Thomas E. Wells,* 34 B. T. A. 315; affd., 88 Fed. (2d) 339; *Commissioner* v. *Krebs,* 90 Fed. (2d) 880.

Petitioner also contends that she retained a life interest in 50 percent of the income of the property given to the trustees and that the respondent erred in considering that she retained a life interest in only 40 percent of the trust income. The contention of the petitioner is based on the argument that, although 10 percent of the income of the trust is to be held by the trustees as a reserve fund pursuant to section (f) of the second article of the trust indenture, set out in our findings of fact, *supra,* to be accumulated and invested by them, the trustees do have the authority in their absolute discretion to pay any part of this income to petitioner during her life, as may seem best to the trustees; and, therefore, the petitioner has a reserved life interest in such part of the income of the trust the commuted value of which should be deducted from the present value of the corpus of the gift to the trust in the same way as was deducted the value of her life interest in the 40 percent of the income of the trust provided for by section (e) of the second article of the trust indenture. The deduction of her commuted life interest in the 40 percent has been allowed by the respondent. Despite some ambiguity in the brief, it is not our understanding that petitioner makes a contention that any part of the corpus of the trust should be exempt from the gift tax under article 3 of Regulations 79, because of a power reserved by her to alter the trust, for an examination of the trust indenture discloses no such power. Nor does the petitioner have any legal or equitable right to any distribution to her of any part of the 10 percent of the income which is subject to the provisions of section (f) of the second article of the trust indenture. She can only hope that the trustees, in their discretion, will make some distribution therefrom to her in the future as they have done in the past on two occasions. Even though we assume that petitioner has some right to this part of the income of the trust, she has nothing which may be valued according to any formula, and, therefore, no deduction can be made in addition to the deduction of the value of her reserved life interest in 40 percent of the trust income. Cf. *Salomon* v. *State Tax Commission of New York,* 278 U. S. 484; *Boston Safe Deposit & Trust Co. et al., Executors,* 30 B. T. A. 679.

*Judgment will be entered for the respondent.*