EDWIN B. COX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89292. Promulgated October 13, 1938.

---

*Charles H. Garnett, Esq.,* for the petitioner.

*S. B. Anderson, Esq.,* and *Frank T. Horner, Esq.,* for the respondent.

OPINION.

MELLOTT: The Commissioner determined a deficiency in gift tax for the calendar year 1935 in the amount of $600.

The proceeding was submitted upon an agreed statement of facts, all of which we find to be as stipulated. Petitioner, a resident of Ardmore, Oklahoma, duly filed a gift tax return for the calendar year 1935, reporting total gifts made during that year of $200,000 and net gifts made during the preceding year of $77,791.38. The $200,000 consisted of two gifts of $100,000 each made to trusts. Accordingly petitioner excluded $5,000 from each, under section 504 (b) of the Revenue Act of 1932,[1] or a total of $10,000, and computed a tax of $18,634.05, which he paid. It is stipulated that "The sole question for determination * * * is whether the petitioner is entitled to the exclusion or exemption of $5,000 from each of said gifts in the computation of his gift tax liability."

Respondent filed no brief. The deficiency was determined upon the theory that the transfer of $100,000 to the Guaranty Trust Co. of New York in trust was a transfer of a "future interest in property" and hence not excludable under section 504 (b), *supra;* but in his amended answer the respondent makes the additional contention that only $5,000 may be deducted because of the fact that petitioner's son was the beneficiary under each of the two trusts. The trust instruments are incorporated in the agreed statement of facts and have been examined by us. For present purposes, however, it will be sufficient to quote the stipulation.

(3) On November 15, 1935, the petitioner made a transfer of $100,000.00 to the Guaranty Trust Company of New York as trustee in trust for the benefit of the beneficiaries named in and subject to the terms, provisions, and conditions of, a declaration of trust executed by him in the making of such transfer.

---

[1] SEC. 504. NET GIFTS.

\* \* \* \* \* \* \*

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

Petitioner's son, Edwin Lochridge Cox, was one of the beneficiaries named in the declaration of trust, and upon conditions of survivorship and the attainment of certain ages therein stated, was to receive certain distributions from the income and from the corpus of the trust. * * *

(4) On December 14, 1935, the petitioner made a transfer to Elizabeth L. Cox, his wife, as trustee in trust for his son, Edwin L. Cox, of the sum of $100,000.00. This transfer was made by a declaration of trust in writing and was wholly without any restrictions upon the administration of the trust fund by the trustee, but provided for distributions therefrom at certain specified dates, and the termination of the trust on January 1, 1950. * * *

The transfer to the Guaranty Trust Co. of New York was not one of a future interest in property. The donor "divested himself of all vestige of title, and no future act on his part could modify or abrogate his act." *Commissioner* v. *Wells*, 88 Fed. (2d) 339, affirming *Thomas E. Wells*, 34 B. T. A. 315. Inasmuch as the statute imposes the tax upon the donor, the quality of the estate conveyed by him is determinative rather than the estate received by any particular beneficiary, *Commissioner* v. *Krebs*, 90 Fed. (2d) 880; but even if the gift be considered from the standpoint of the donee, it was one of a present interest in property, the trust being an entity capable of and in fact actually receiving the property transferred. *Commissioner* v. *Wells, supra;* cf. *Charles W. Deeds*, 37 B. T. A. 293, 297; *Noyes* v. *Hassett*, 20 Fed. Supp. 31.

Respondent's contention that the petitioner's son was the beneficiary under each trust, if important, is only partially true. Under the transfer made to petitioner's wife the son, Edwin L. Cox, was the sole beneficiary; but not so under the other trust. The instrument creating it provided that the son should receive the income for his life if he attained the age of 21 years. If he attained the age of 32 years then he was to receive 25 percent of the corpus. If he attained the age of 45 years then he was to receive 33⅓ percent of the corpus then on hand. It will be noted that the maximum amount of corpus which he could ever receive was only 50 percent of the amount transferred to the trust company by petitioner. Petitioner's wife had a possibility of becoming a beneficiary if she outlived the son, but if not then the son's lineal descendants, if any, were to receive the remainder, otherwise it was to go to Russell Eugene Cox. So while it is true that the son was a beneficiary under each trust, it can not be said that he was the sole beneficiary.

But even if the son were the sole beneficiary under each trust, we are of the opinion that the $5,000 exclusion should be allowed as to each. The trusts were separate entities. As the court pointed out in *Commissioner* v. *Wells. supra*, "They were no different from persons, for the Act so states." Sec. 1111 (a) (1). In *Seymour H. Knox*, 36 B. T. A. 630, we held that the fact that two beneficiaries

were in existence at the time the transfer in trust was made did not entitle the donor to two exclusions of $5,000 each. This was on the theory that the trust was the donee. To the same effect also see *Katherine S. Rheinstrom*, 37 B. T. A. 308 (on appeal, 8th C. C. A.). The District Court reached a different conclusion in *Davidson* v. *Welch*, 22 Fed. Supp. 726; but inasmuch as trusts, though abstractions, long have been, and usually are, treated for income tax purposes as entities having separate existence, cf. *Anderson* v. *Wilson*, 289 U. S. 20, and inasmuch as we were affirmed in *Commissioner* v. *Wells, supra*, we prefer to follow our earlier decisions rather than *Davidson* v. *Welch, supra*.

While the precise question now being considered has not been decided, it seems to be a necessary corollary to our earlier decisions that a $5,000 exclusion may be made from each transfer in trust, though the beneficiary be the same. Congress anticipated this holding—though the fact that it did so has comparatively little significance—when it amended section 504 (b) in 1938 and provided that the exclusion should not apply to gifts in trust. See Report No. 1567, Committee on Finance, 75th Cong., 3d sess.[2] The reports of the Congressional Committees in connection with the enactment of the Gift Tax Law in 1932 have also been examined; but, as the court pointed out in *Commissioner* v. *Wells, supra*, "the enactment is neither ambiguous nor doubtful in its expressions," so the reports furnish little aid.

The respondent erred in denying the exclusion of $5,000 from the transfer in trust made by petitioner to the Guaranty Trust Co. of New York. It follows that the deficiency determined by him can not be approved.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

---

DISNEY, dissenting: I can not concur in the finding that Edwin Lochridge Cox was only one of the beneficiaries under the trust set up on November 15, 1935. The trust instrument provided, in short, that he should have the income throughout his life and by the age of 45 one-half of the corpus, and that at his death and that of his

---

[2] SEC. 503. * * * The Committee is also proposing an amendment by which the exclusion would not apply to gifts in trust. The Board of Tax Appeals and several Federal courts have held, with respect to gifts in trust, that the trust entities were the donees and on that account the gifts were of *present and not of future interests.* The statute, as thus construed, affords ready means of tax avoidance, since a donee may create any number of trusts in the same year in favor of the same beneficiaries with a $5,000 exclusion applying to each trust, whereas the gifts, if made otherwise than in trust, would in no case be subject to more than a single exclusion of $5,000. * * *

mother, the trust should cease and the remainder of the corpus should be paid to his lineal descendants, if any, *per stirpes;* that if no lineal descendants survive him, or if any survive him and die before his mother, the trust should continue through her lifetime to pay her the income and that then the trust should cease, the corpus to be vested in Russell Eugene Cox or his distributees. Under this state of facts, the mother, in any event, would take only the income for her life, perhaps only a portion thereof, and only in the contingency of surviving Edwin Lochridge Cox and any lineal descendants surviving him. Such remote contingency does not, in my opinion, make her a beneficiary under the trust within the intent of the statute, and I conclude that he was beneficiary in two successive trusts.

Moreover, in so far as the majority opinion assumes two successive trusts to the same beneficiary and holds, nevertheless, that there should be allowed two deductions of $5,000 each, I can not concur. The object intended by the statute is too plain, I think, to allow it to be stultified by a plurality of trustees under which arrangement, with trusts of $5,000 each, the gift for tax purposes could be diminished to zero. I do not think that *Commissioner* v. *Krebs,* 90 Fed. (2d) 880, or *Noyes* v. *Hassett,* 20 Fed. Supp. 31, furnish authority herein, for in both cases the question as to who was donee was not met. In *Commissioner* v. *Wells,* 88 Fed. (2d) 339, quoting section 1111 of the Revenue Act of 1932, defining "person" as including "trust," the statement is made that the donees were trusts. The question was as to future interest, and taken as a whole the case is to the effect that there was transfer, taxable under the statute, because the tax is on transfer and not receipt. Definitions based upon inductive reasoning are often pitfalls for unwary thought when applied to particular situations. I think this is a situation where "A word * * * may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne* v. *Eisner,* 245 U. S. 418, 419. It is well recognized that definitions "are to be understood by looking at the subject-matter * * * and the object of the Legislature * * *." *Edinburgh St. Tramways Co.* v. *Torbain,* 3 App. Cas. 58, 68. In spite of the definition of the word "person" as including "trust" in section 1111, the statute as a whole shows that the definition can not be consistently applied. Thus section 142, requiring specially a return by a fiduciary for a trust, and section 161, providing a particular imposition of a tax upon trusts, seem unnecessary, if the word person is in every instance to include "trust."

*Commonwealth* v. *Welosky* (Mass.), 177 N. E. 656, says:

* * * The word "person" like any other words, has no fixed and rigid signification, but has different meanings dependent upon contemporary condi-

tions, the connection in which it is used, and the result intended to be accomplished. * * *

It has been held, in a consideration of perpetuities, that beneficiary, and not trustee, is donee and first taker. *Henry* v. *Henderson*, 58 So. 354, (357). The word trustee itself discloses that another is the person primarily involved. I believe that section 504 (b) requires a construction of the word person in its usual sense. *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552. The fact that in *Commissioner* v. *Wells, supra*, as well as other cases the tax was based upon the transfer to the trust is justified by the words of the statute, which imposes the tax upon the *transfer*, with emphasis upon that fact. There was transfer, and not *in futuro*. As said in *Davidson* v. *Welch*, 22 Fed. Supp. 726, the same conclusion could have been reached in *Commissioner* v. *Wells, supra*, by finding that the donees were the *cestuis que trust*. *Davidson* v. *Welch, supra*, holds each of several beneficiaries under a single trust to be donees requiring exclusion of $5,000. Considering the light given upon the intent of the Congress by the Senate Committee Report as to section 501 of the Revenue Act of 1932,[1] it seems to me plain that within the purview of section 504 (b) the donee is the beneficiary under a trust. Cases like *Seymour H. Knox*, 36 B. T. A. 630, and *Katherine S. Rheinstrom*, 37 B. T. A. 308, involving a transfer in trust for several persons do not, I think, answer the question here propounded, as to the application of section 504 (b) to successive trusts in the same year for the same beneficiary; for there was in those cases *one* transfer, within the object of section 501. Here there are two, to the same person. The fact that section 504 (b) was amended by section 505 (a) of the Revenue Act of 1938 to exclude gifts in trust, along with gifts of future interests in property, is, I believe, indicative of the intent to clarify the earlier statute and that, being subject to erroneous interpretation, it should be clarified. *Greensboro Gas Co.*, 30 B. T. A. 1362 (1374, 1375); *Johnston* v. *Commissioner*, 86 Fed. (2d) 732; certiorari denied, 301 U. S. 683. I think petitioner here has erroneously interpreted its meaning. I dissent.

OPPER agrees with this dissent.

---

[1] The words "transfer * * * by gift" and "whether * * * direct or indirect" are designed to cover and comprehend all transactions (subject to certain express conditions and limitations) whereby and to the extent (sec. 503) that property or a property right is donatively passed to or conferred upon another, regardless of the means or the device employed in its accomplishment. For example, * * * (3) a transfer of property to B where there is imposed upon B the obligation of paying a commensurate annuity to C would be a gift to C; * * * (7) where A creates a revocable trust naming B as beneficiary, a gift to B of the corpus is effected when A relinquishes the power to revoke or the power is otherwise terminated in B's favor (the income payments to B in the interim being gifts from A in the calendar years when received.)