MARY M. HUTCHINGS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95359. Promulgated June 6, 1939.

*I. M. Tullar, Esq.*, for the respondent.

28

OPINION.

Arnold: Section 501 (a) of the Revenue Act of 1932 imposes a tax upon the *transfer* by any individual, resident or nonresident, of property by gift. Section 501 (b) of that act provides that the

tax shall apply whether the *transfer* is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible. Section 504 (b) of the same act provides that the first $5,000 of gifts made "to any person" shall not be included in the total amount of gifts made during the taxable year. Section 1111 of the 1932 Act, in defining the term "person," provides that it shall mean *inter alia* "a trust."

In *Seymour H. Knox*, 36 B. T. A. 630, we considered the question here presented and held that for the purpose of the $5,000 exclusion the trust, as an entity, was the "person" within the meaning of section 504 (b). In so deciding we cited and relied upon *Commissioner* v. *Wells* (C. C. A., 7th Cir.), 88 Fed. (2d) 339, affirming 34 B. T. A. 315; *Commissioner* v. *Krebs* (C. C. A., 3d Cir.), 90 Fed. (2d) 880, affirming a memorandum opinion of this Board; and *Noyes* v. *Hassett*, 20 Fed. Supp. 31. Subsequent decisions of this Board have followed the principle announced in the *Knox* case, *supra*, and in a recent decision of the Circuit Court of Appeals for the Eighth Circuit, *Robertson* v. *Nee* (Mar. 6, 1939, not reported), it was held that a transfer in trust in 1935 to one trustee was entitled to only one $5,000 exclusion since only one trust was created. The court so decided despite the specific provisions of the trust indenture providing for the division of the trust estate into three parts and naming the wife and the two children of the grantor as beneficiaries, each being entitled to the income and principal of one of the parts of the trust estate.

In *Welch* v. *Davidson*, 102 Fed. (2d) 100, the Circuit Court of Appeals for the First Circuit reached the opposite conclusion, and was followed by the United States District Court for the Northern District of Illinois in *Ryerson* v. *United States*, 28 Fed. Supp. 265. Despite our respect for the opinion of the Circuit Court of Appeals for the First Circuit and the opinion of the Federal District Court which followed the First Circuit, we feel obliged to follow the rule laid down in *Seymour H. Knox*, *supra*, and in *Robertson* v. *Nee*, *supra*.

The facts in the instant proceeding are on all fours with the facts in the *Robertson* case. The trust here created was clearly intended to be a single trust with seven beneficiaries who were to share equally in the trust income and principal. Every reference in the trust indenture points to an intent and purpose to create a single trust estate for the distribution of income and corpus among the several beneficiaries. We hold, therefore, that the property was transferred to the trust as an entity, and that petitioner is entitled to but one exclusion of $5,000 as determined by the respondent.

*Decision will be entered for the respondent.*