WILTON RUBINSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95922.  Promulgated January 30, 1940.

*Edward Greensfelder, Esq.,* for the petitioner.
*R. N. McMillan, Esq.,* for the respondent.

OPINION.

MELLOTT: The Commissioner determined a deficiency in gift tax in the amount of $1,395 ($300 for 1936 and $1,095 for 1937). The sole issue is whether there should be four $5,000 exclusions under section 504 (b) of the Revenue Act of 1932,[1] or whether there should be but one.

All of the facts were stipulated. Stated briefly, the petitioner, in 1936, conveyed to a trust notes having a value of $48,000. On January 5, 1937, he conveyed other notes having a value of $43,000. The trust was set up for the purpose of "providing an independent income for his wife, Blanche Rubinstein, and his daughters, Ann Rubinstein, Peggy Rubinstein and Louise Rubinstein." In addition to authorizing the trustees to manage and control the trust estate, the trust instrument provided that the net income should be divided into equal parts to be paid over to the settlor's wife and children so long as the wife should live. Provision was made for ultimate payment to the children of the principal when they should reach the age of 35 years, if the wife should then be deceased. In the event any of the children should die before receiving her share in the trust estate, then the property was to be paid over to her descendants *per stirpes.*

In determining the deficiency for each of the years the Commissioner stated in his notice: "Only one exclusion is allowed in connection with the gifts in trust * * * in accordance with the decisions in the cases of *Commissioner* v. *Wells,* 88 Fed. (2d) 339, and *Commissioner* v. *Krebs,* 90 Fed. (2d) 880, holding a trust to be a person." He also cited *Seymour H. Knox,* 36 B. T. A. 630.

At the time the deficiency was determined the whole question was somewhat in flux. The District Court of Massachusetts had held in *Davidson* v. *Welch,* 22 Fed. Supp. 726, that the measure of the number of exclusions was the number of beneficiaries under the trust instrument, it being the opinion of that court that the beneficiary was the "person" within the meaning of the statute.

The Commissioner was cognizant of the above holding; for in his deficiency letter he stated that it could not be considered to be "a final adjudication of the question of exclusions." He was justified in so holding; for this Board had held in *Seymour H. Knox, supra,* that where the petitioner had created one trust for the benefit of two individuals, he was entitled to but one exclusion, the trust being the

---

[1] SEC. 504. NET GIFTS.

* * * * * *

(b) GIFTS LESS THAN $5,000.—In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

"person" constituting the donee within the meaning of the statute. This decision was followed in *Katherine S. Rheinstrom*, 37 B. T. A. 308, and *Edwin B. Cox*, 38 B. T. A. 865. In the latter case it was pointed out that trusts, though abstractions, have long been treated, for income tax purposes, as entities having a separate existence. We, therefore, declined to follow the rule enunciated by the court in *Davidson* v. *Welch, supra*. In *Mary M. Hutchings*, 40 B. T. A. 27 (appeal pending, C. C. A., 5th Cir.), we made a similar holding.

The Circuit Court of Appeals for the First Circuit on March 2, 1939, affirmed the decision of the District Court in the case of *Welch* v. *Davidson*, 102 Fed. (2d) 100, and criticised the decision of this Board in *Edwin B. Cox, supra*. The Circuit Court of Appeals for the Eighth Circuit, in *Robertson* v. *Nee*, handed down an opinion on March 6, 1939 (not officially reported), holding that but one exclusion could be allowed, regardless of the number of beneficiaries. Following reargument, the opposite conclusion was reached (105 Fed. (2d) 651), the same question in the meantime having been raised in that circuit in the case of *Rheinstrom* v. *Commissioner*, 105 Fed. (2d) 642, and the two cases having been argued together. In the latter case the court reversed the decision of this Board in *Katherine S. Rheinstrom, supra*, upon the issue involving the $5,000 exclusion, and held that the taxpayer, in creating a trust for the benefit of her four children, had "made four gifts—one to each of her children—and that she made no gift or gifts to the trust or to the trustees." It, therefore, allowed exclusions aggregating $20,000. Under date of December 19, 1939, the Circuit Court of Appeals for the Third Circuit reversed an unreported memorandum decision of this Board (Docket No. 92719) in *McBrier* v. *Commissioner*, 108 Fed. (2d) 967, following *Welch* v. *Davidson* and *Rheinstrom* v. *Commissioner, supra*.

In the recent case of *Edith Pulitzer Moore*, 40 B. T. A. 1018, the question was, whether the beneficial interests of the children, who were to take only in the event that they outlived their father, the principal beneficiary under the trust, were, or were not "future interests in property." Holding that they were, we denied the grantor's contention that she was entitled to four exclusions of $5,000 each; but we have no such question here. The children of this settlor clearly had present, vested interests. He, like the settlor in the *Rheinstrom* case, "made four gifts"—one to his wife and one to each of his three daughters. Applying the rule enunicated by the three Circuit Courts of Appeal in the cases cited, we hold that the respondent erred in limiting petitioner to one $5,000 exclusion.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*