## PELZER v. UNITED STATES.
### No. 43923.

Court of Claims.
March 4, 1940.

Robert A. Littleton, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Chark, Jr., Asst. Atty. Gen. (Robert N. Anderson, Sp. Asst. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, WILLIAMS, and WHITAKER, Judges.

WILLIAMS, Judge.

Plaintiff seeks to recover gift taxes alleged to have been overpaid for the years 1932, 1933, 1934, and 1935. The facts have been stipulated by the parties and are not in controversy.

The plaintiff executed a trust instrument on July 14, 1932, which is herein referred to as the "children's trust." The instrument recited that it was created for the benefit of the trustor's living grandchildren (eight in number, being specifically named) and other grandchildren that might thereafter be born during the life of the trust. The instrument further provided that for a period of 10 years from the date of its execution the income from the trust fund should be accumulated and invested, that at the expiration of such ten-year period the trustee should pay an equal grandchild's distributive share of the income to each of the grandchildren who were then living and twenty-one years of age or over, and that as each grandchild reached twenty-one years of age the trustees should pay the share of the income to him. If other grandchildren were born during the life of the trust, they were entitled to participate therein on the same basis as the living grandchildren. If any of the grandchildren died leaving issue, his share should belong to his issue, but if he should die without issue his share should go to his surviving brother and/or sister, if any, and if none, then to the other grandchildren. At the termination of the trust the corpus was to be divided between the grandchildren or their survivors.

On December 28, 1934, plaintiff executed a trust instrument, herein referred to as the "adult trust." The income of this trust was to be paid to the trustor's wife and three daughters in equal proportions. Upon the death of the wife, her share of the income was to be divided equally among the trustor's grandchildren, and upon the death of either of the daughters her share was to go to her children in equal shares. At the termination of the trust the corpus was to go to the grandchildren of the trustor as each of them reached the age of twenty-one years.

In each of these trusts the plaintiff retained no economic interest or legal control over the property transferred, and the trustee acquired no economic interest in the property so transferred, but is charged only with the safekeeping and management of the property transferred for the benefit of the persons named. The plaintiff was powerless to change the terms of the said instruments, regain control of the property transferred, or change the interest of the beneficiaries therein. Also, the trustee is likewise powerless, and the trust instruments are self executing.

During the years 1932, 1933, 1934, and 1935, plaintiff made gifts to the children's trust, and during the year 1934 he made a gift to the trustee of the adult trust.

Plaintiff filed gift-tax returns for the years 1932, 1933, 1934, and 1935. Claims for refund for each of the years involved were duly filed and allowed in part and disallowed in part by the Commissioner of Internal Revenue. In passing on these claims the Commissioner allowed the plaintiff one $5,000 exclusion for each of the gifts to the children's trust and one $5,000 exclusion for the gift to the trustee for the adult trust. The basis of plaintiff's claim for refund and of this suit is that the plaintiff was entitled to eight $5,000 exclusions for each of the gifts for the children's trust and to four $5,000 exclusions for the gifts to the adult trust.

The question for decision is whether the taxpayer is entitled to a $5,000 exclusion in each of the years 1932, 1933, 1934, and 1935, for each of the gifts made in trust for the benefit of eight named and living grandchildren; and for the year 1934 for each of the gifts made in trust for the benefit of the taxpayer's wife and three daughters.

The Commissioner of Internal Revenue holds that in the case of the annual gifts made in trust for each of the named living grandchildren of the taxpayer only one $5,000 exclusion is allowable for each year, and that in the case of the gifts made in 1934 in trust for the taxpayer's wife and three daughters only one $5,000 exclusion is allowable.

Section 501 of the Revenue Act of 1932, 47 Stat. 245, 26 U.S.C.A. § 550, provides as follows:

"(a) For the calender year 1932 and each calendar year thereafter a tax computed as provided in section 502 [551], shall be imposed upon the transfer during such calendar year by any individual, resident, or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a non-resident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act [June 6, 1932].

"(c) The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift."

Section 504 of the Revenue Act of 1932, 47 Stat. 247, 26 U.S.C.A. § 553, provides as follows:

"(a) General Definition. The term 'net gifts' means the total amount of gifts made during the calender year, less the deductions provided in section 505 [554].

"(b) Gifts Less Than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

It was held by the Board of Tax Appeals in Seymour H. Knox v. Commissioner, 36 B.T.A. 630, that where the petitioner had created one trust for the benefit of two individuals he was entitled to but one exclusion, the trust being the person constituting the donee within the meaning of the statute. This decision was followed in Katherine S. Rheinstrom v. Commissioner, 37 B.T.A. 308, and was also followed and the same rule announced in Edwin B. Cox v. Commissioner, 38 B.T.A. 865. In numerous other cases the Board of Tax Appeals consistently held that there could be but one $5,000 exclusion where there was but one trust indenture, no matter how many donees might be named in each trust indenture.

Recently, however, the Board in the case of Wilton Rubinstein v. Commissioner, decided January 30, 1940, reversed its position and held where property was conveyed to a trustee for the benefit of the donor's wife and three children that four exclu sions of $5,000 each should be allowed, basing its decision on Welch v. Davidson, 1 Cir., 102 F.2d 100; Robertson v. Nee, 105 F.2d 651; Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 124 A.L.R. 861; and McBrier v. Commissioner, 3 Cir., 1939, 108 F.2d 967, 1 Prentice-Hall Federal Tax Service, 1939, ¶ 5.756.

Welch v. Davidson, supra, was an appeal from the judgment of the federal District Court of Massachusetts, in which judgment was awarded plaintiff for gift taxes paid by the plaintiff for the calendar year 1934. In 1934 the plaintiff and his wife created an irrevocable trust, naming the Old Colony Trust Company as trustee, in which plaintiff transferred certain property for the benefit of his seven children. The instrument provides that upon plaintiff's death the proceeds are to be divided in equal shares, one for each of the seven children of the plaintiff then surviving, and one share for the issue of any child who has died, leaving issue. The trustee is to pay the income of each share to the child for whom it is held for life, paying one-half of the principal when said child reaches the age of 45, provided that at least ten years have elapsed after the plaintiff's death. The final date of distribution is set at 21 years after the death of the survivor of the plaintiff's children and grandchildren living at the time of the establishment of the trust. The District Court, Davidson v. Welch, 22 F.Supp. 726, held that the donor's seven children each took a one-seventh present interest in the res of the trust created, and that the donor was entitled to a $5,000 exclusion in respect to each of them. The judgment of the District Court was affirmed. 1 Cir., 102 F.2d 100.

In Rheinstrom v. Commissioner, 105 F.2d 642, 124 A.L.R. 861, the taxpayer transferred personal property to trustees for the benefit of herself and her four children. By the terms of the trust instrument she retained a life interest in 40% of the entire net income. The trustees were directed to pay to her son, Stewart H. Clifford 12½% of the entire net income. They were di-

rected to hold 12½% of such income for the benefit of her son Benjamin B. Clifford, but with the discretion to pay over to him only so much thereof as might to them seem best, and with power to pay all or a portion thereof to his wife "and/or" children; any unexpended portion of such income to be invested for his benefit "and/or" that of his wife and children. The trustees were directed to hold 12½% of such income for the benefit of the taxpayer's son, Arthur F. Clifford, upon the same terms and conditions as were applicable to Benjamin B. Clifford. The trustees were directed to hold 12½% of such income for the benefit of the taxpayer's daughter, Katherine Clifford, with discretion to pay over only so much of the income to her as to them seemed best, and to invest any unexpended balance for her benefit. The remaining 10% of the net income was to be accumulated, invested, and held "as a reserve fund, with absolute power and discretion in said trustees to pay over to" the taxpayer "during her lifetime, such part, if any, of this 10% of the entire net income of said trust, and accumulations, if any, thereon, as may to said trustees seem best, and with absolute power and discretion in said trustees, after the death of" the taxpayer, "to pay over to the children of" the taxpayer, "or to their successors in interest as hereinafter provided, such part, if any, of this 10% of the entire net income of said trust and accumulations, if any, thereon, as may to said trustees seem best. * * *"

In her gift-tax return for the year 1934 the taxpayer excluded $20,000 by virtue of Sec. 504 (b) on the theory that she had made four gifts in creating the trust, one to each of her children, and paid her taxes upon that basis. The Commissioner of Internal Revenue, in auditing the return, determined that the taxpayer was entitled to but one $5,000 exclusion and asserted a deficiency. The Board of Tax Appeals sustained the Commissioner's determination and in its opinion, Katherine S. Rheinstrom v. Commissioner, 37 B.T.A. 308, 312, said: "In this case there was a gift of one corpus to one trust by virtue of one trust instrument. Although there were four beneficiaries, there was but one transfer made by the petitioner, which was to the trust itself. We must, therefore, conclude on the authority of previous decisions that but one gift was made, and only $5,000 may be excluded."

The court, insofar as here material, stated the issue as follows [105 F.2d 645, 124 A.L.R. 861]:

"1. Did the transfer in trust constitute one gift to the trust or four gifts to the beneficiaries?

"2. If it constituted four gifts, were three of them gifts of 'future interests?'"

After a thorough consideration and discussion of the cases cited by both the plaintiff and the defendant, the court said, 105 F.2d at page 647, 124 A.L.R. 861:

"It is our conclusion that the taxpayer, in creating this trust, made four gifts—one to each of her children—and that she made no gift or gifts to the trust or to the trustees.

"2. The Commissioner contends, however, that, even if this is so, it would make no difference in the taxpayer's gift tax liability, since only her son Stewart received an unconditional present vested interest in his share of the income of the trust estate, and the interests of the other three children are to be regarded as 'future interests.' The Commissioner directs attention to the fact that by the terms of the trust instrument the trustees are not required to pay to these three children their proportion of the income, but may accumulate it for their benefit, or, in the case of two of them, may pay it to them, their wives or children. It is true that the three children, other than Stewart, received no unconditional right to have their shares of the income paid to them by the trustees. It is equally true, however, that the taxpayer retained no interest in the shares of income which were assigned to them, and that, by the terms of the trust, each of them (or the wives and children of the two sons) were to have his or her share or it was to be accumulated for his or her benefit. The enjoyment of the benefits conferred upon three of her children by the taxpayer was conditional, but it was to commence at once and not at some future date and was for their sole and immediate benefit.
* * *

"The Commissioner cites no case which sustains his position that the interests donated by the taxpayer to, or for the benefit of, three of her children, were future interests, and we think that they were not.
* * *

"The decision of the Board is affirmed in so far as it holds that the taxpayer retained a life interest in only 40 per cent

of the income from the trust estate. It is reversed in so far as it holds that the taxpayer was entitled to one exclusion for one gift, instead of four exclusions for four gifts. The case is remanded to the Board for a redetermination of the deficiency in accordance with this opinion."

In Commissioner v. Wells, 7 Cir., 88 F. 2d 339, it was held that the beneficiary of a trust which provided for the accumulation of income until he became of age, when he was to receive the income until he was 30, or until the death of his mother, when he was to receive the corpus, was not a gift of future interest, mainly upon the ground that it was the interest transferred by the taxpayer, and not that received by the beneficiary, which determined whether the gift was of a present or a future interest.

In Commissioner v. Krebs, 3 Cir., 90 F. 2d 880, the court dealt with trusts which directed the trustees to use the income from the trust estate for the support, maintenance, benefit, and education of named beneficiaries until they were 25 years of age, the unexpended income to be then paid to them or their issue, appointees, or distributees. It was held that the gifts, whether regarded as being to the trust or to the beneficiaries, were not gifts of "future interests."

In Noyes v. Hassett, 20 F.Supp. 31, the District Court of Massachusetts ruled that under a trust which permitted the trustees to accumulate income for the beneficiaries and to pay it to them or their guardians, or for the use or benefit of the beneficiaries, with discretion in the trustees to determine what expenditures were for the use or benefit of the beneficiaries, the gifts were not of future interests.

Thus it appears from the decided cases that the courts have rejected the contentions made by the defendant in this case. It is therefore held:

(1) That the gifts set up by plaintiff in the two trusts involved were of present interests in the property transferred, and

(2) That each beneficiary named in the respective trust instruments is a donee within the provisions of section 504 (b) of the gift-taxing statute of 1932, for each of whom plaintiff is entitled to an exclusion of $5,000 in the computation of the net amount of gifts subject to the tax in each of the years involved.

Plaintiff is entitled to recover. The entry of judgment, however, will be suspended pending the filing of a stipulation by the parties showing the exact amount of the judgment to be awarded plaintiff, computed in accordance with the opinion of the court. It is so ordered.