SUZANNE SEMANAZ DE BRAEGGER, Plaintiff and Appellant, *v.* SOL L. DESCARTES, as SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 10947. Argued March 4, 1954.—Decided April 29, 1954.

Enrique Igaravídez for appellant. *José Trías Monge, Attorney General,* and *Carlos N. Souffront, Assistant Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

By public deed of September 20, 1951, the spouses Joannes Semanaz and Marguerite de Semanaz made a gift to their daughter Suzanne consisting of a lot of 600 square meters located in El Condado, worth $10,000, chargeable to the legal portions of each parent. For the purposes of assessing the gift tax, the Treasurer of Puerto Rico appraised the property at $17,900—which value is not in dispute—and levied a tax of $1,335 after allowing a $5,000 exemption. The donee paid the tax and thereafter applied for a refund of $862, on the ground that she was entitled to an exemption of $10,000, namely, $5,000 for each donor. The refund sought having been disallowed, plaintiff appealed on June 20, 1952 to the former Tax Court of Puerto Rico. The defendant filed a motion for dismissal on the ground that the facts alleged in the complaint did not state a cause of action. After the question thus raised was argued, the court sustained the motion and rendered judgment dismissing the complaint.

On appeal, plaintiff alleges that the lower court erred in holding that a gift made by parents to a daughter out of the legal portion of each parent and accepted as such by the donee, is a gift of conjugal property which entails but a single exemption of $5,000 in construing § 4 of Act No. 303 of April 12, 1946 (Sess. Laws, p. 782), and in applying to the case at bar, on motion for dismissal, the principles on which it based its decision in *Ramírez* v. *Treasurer of Puerto Rico* (case No. H–9 of that court). We disagree.

██ In the opinion rendered by the trial court, after making reference to the allegations of the complaint and stating that only a question of law was involved, it was stated in the conclusions of law that in the cases of *Carmen María and Blanca Ramírez Feliciano* v. *Treasurer*, decided May 14, 1952, the court had faced a question substantially the same as that involved in the instant case and that after

an analysis and examination of the pertinent sections of Act No. 303, *supra*, it had reached the conclusion that where the donee receives from his parents, in one single act, a gift of conjugal property, only one exemption of $5,000 should be allowed. From the opinion rendered by that court in the *Ramírez* cases,[1] *supra*, we copy as follows:

"In view of our interpretation of § 4(a) of Act No. 303, we need not discuss at length whether the gift in question was a gift made by the conjugal partnership as a legal entity apart from the person of the donors, or whether it was made personally by each one of them as respects his or her right or indeterminate share of the said conjugal property. Irrespective of Act No. 303 and of the tax purposes involved herein, we believe that we are dealing here with a single act of disposition of conjugal property, for which, since real property is involved, the concurrence of the wife at the notarial act was necessary. Regardless of the view we take in this case, whether as different gifts made by each of plaintiff's parents or as a single gift, we are forced to conclude that plaintiff is entitled to a single exemption of $5,000 of the value of the real property presented as a gift."

For the purposes of the first assignment, we need not decide whether the trial court erred in stating in its opinion that it concerned a gift of conjugal property since, as we have repeatedly indicated, the appeal is taken from the judgment itself and not from the reasoning or grounds set forth in the opinion supporting the judgment.

Act No. 303 of April 12, 1946, as amended by Act No. 103 of April 25, 1950 (Sess. Laws, p. 262), defines the term "gift" in § 1 and points out, among other things, that it "includes the purely gratuitous, the onerous, and the remunerative gift, as defined by the Civil Code of Puerto Rico." It is unquestionable here that we are concerned with a purely gratuitous gift of real property, made to a daughter who at that time was single. By virtue of the express provisions of Act No. 303, the tax imposed shall be paid by the donee.

---

[1] Copy of that opinion appears in the record of the case.

See § 2 of that Act and *Buscaglia, Treas.* v. *Tax Court*, 70 P.R.R. 432, 435.

Section 4 (*a*) of Act No. 303, *supra*, provides that:

"There shall be exempt from taxation under this Act, and excluded from the total of taxable gifts,[2] (1) *the first thousand (1,000) dollars of the total gifts received by the recipient; (2) the first five thousand (5,000) dollars of the total gifts received by a recipient who is the spouse of the donor, or his relative in the first or second degrees of consanguinity or affinity; . . . .*"

The context of that section is crystal-clear and easy to construct. The first $1,000 of the total gifts received by the donee are none other than the first $1,000 received as gifts by a person, whether in a single act or in several acts; in other words, if a gift of $1,000 or less is made to a person and that is the first gift it shall be tax exempt, but if several gifts are made to that same person totalling over $1,000, then, according to the clear and conclusive wording of the statute, only the first $1,000 of the gifts shall be exempt from the payment of the tax under the law, but not any amount or amounts presented as gifts exceeding that specific sum. Such excess shall be subject to tax. The same can be said of the second subdivision of § 4. According to the latter subdivision, the first $5,000 of the total gifts received by a donee shall be exempt from payment of the tax under Act No. 303, *supra*, provided, however, that such donee is the spouse or relative of the donor in the first or second degree of consanguinity or affinity. The foregoing means, in other words, that where a gift is made by a person who is neither the spouse nor a relative of the donee within the degrees specified in the second subdivision, the donee is entitled to a total exemption of $1,000 only; and if the donee is the spouse or a relative of the donor within the specified

---

[2] Section 1(*e*) of Act No. 303, as amended, provides: "The term 'taxable gift' means the amount of any gift minus the exemptions allowed by Section 4 of this Act."

degrees, the total exemption in that case, irrespective of the number of gifts involved—whether single or plural—is increased to $5,000, in which case the excess over that amount is subject to tax. It makes no difference, we repeat, whether a single gift or two or more gifts are involved under either subdivision. What the Act clearly and conclusively provides is that only the first $1,000, or the first $5,000 (under either the first or the second subdivision of § 4) of the total gifts received by the donee, shall be exempt from the payment of the tax. Therefore, irrespective of whether the gift in this case be regarded as by the donee's father or by the mother separately, that is, as two different gifts, the result is the same. The donee is entitled to only one exemption for the first $5,000 of the total amount of gifts received. She is liable for the tax imposed on the balance over that amount.[3]

---

[3] Our law is different from the Federal law as far as exemptions are concerned. The latter in its pertinent part provides:

"(1) *Gifts prior to 1939.* In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year 1938 and previous calendar years, the first $5,000 of such gifts to such person shall not, for the purpose of subsection (a), be included in the total amount of gifts made during such year.

"(2) *Gifts after 1938 and prior to 1943.* In the case of gifts (other than gifts in trust or of future interests in property) made to any person by the donor during the calendar year 1939 and subsequent calendar years prior to 1943, the first $4,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

"(3) *Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a) be included in the total amount of gifts made during such year." 26 U.S.C.A., Title 26, § 1003, p. 353.

The preceding provisions of the Federal statute have given rise to a good number of decisions, most of which hinge on whether the gift involved is the gift of a present interest or of a future interest. Where a present interest is involved, all decisions within our reach hold that the donor, who is the one who pays the tax under the Federal statute, is entitled to the exemption allowed by law, for each donee and for each calendar year in which the gifts are made. *Ryerson* v. *United States,*

■ The fact that the deed of gift expressly sets forth that the gift was to be regarded as chargeable to both legal portions, in no way affects the conclusion reached above. We are not confronted here with a problem of civil law. Consequently, the provisions which the latter may contain to this effect in no way alter the result in the case at bar. We are confronted here with a simple and mere tax problem and resort must be had exclusively to the law governing the matter. *Albanese* v. *Secretary of the Treasury, ante* p. 302. The law, as we have seen, does not favor appellant.

In view of the foregoing conclusion, we shall not discuss the third assignment.

The judgment appealed from will be affirmed.

Mr. Chief Justice Snyder and Mr. Justice Belaval did not participate herein.

---

312 U. S. 405; Paul, *Federal Estate and Gift Taxation*, Vol. II (1942 ed.), § 15.18, p. 990. Paul, *op. cit.*, 1946 Supplement, §§ 15.11 and 16.03. Lasser, *Estate Tax Handbook*, 1951 ed., p. 131.

The case of *Cox* v. *Commissioner*, 38 B.T.A. 865, dealt with two gifts in trust made to two different trustees but in favor of the same beneficiary. In deciding the case, the Board of Tax Appeals stated as follows in the course of its opinion:

"But even if the son were the sole beneficiary under each trust, we are of the opinion that the $5,000 exclusion should be allowed as to each . . . .

"While the precise question now being considered has not been decided, it seems to be a necessary corollary to our earlier decisions that a $5,000 exclusion may be made from each transfer in trust, though the beneficiary be the same. Congress anticipated this holding . . . . . when it amended § 504 (*b*) in 1938 and provided that the exclusion should not apply to gifts in trust. See Report No. 1567, Committee on Finance, 75th Cong., 3d Sess."

In note 2 of that opinion appearing at the bottom of p. 868, the Report in question (No. 1567) discloses the following:

"Section 503 . . . . . The Committee is also proposing an amendment by which the exclusion would not apply to gifts in trust. The Board of Tax Appeals and several Federal courts have held, with respect to gifts in trust, that the trust entities were the donees and on that account the gifts were of present and not of future interests. The statute, as thus construed, affords ready means of tax avoidance, since a donee may create any number of trusts in the same year in favor of the same beneficiaries with a $5,000 exclusion applying to each trust, *whereas the*

---

*gifts, if made otherwise than in trust, would in no case be subject to more than a single exclusion of $5,000."*    (Italics ours.)    (See, however, *Helvering* v. *Hutchings,* 312 U. S. 393, 397, decided in 1941 after § 504(*b*) was amended.)

The words in italics reaffirm the principle announced in this opinion.