### COMMISSIONER OF INTERNAL REVENUE v. WELLS.

No. 5974.

Circuit Court of Appeals, Seventh Circuit.

Feb. 22, 1937.

340

Maurice J. Mahoney, of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

George D. Smith, of Chicago, Ill., and Thomas M. Wilkins, of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This review involves an alleged deficiency in gift tax under the Revenue Act of 1932. The facts as found by the Board of Tax Appeals are not disputed.

The taxpayer is an individual, a citizen and resident of the United States. On December 27, 1933, he created three irrevocable trusts, one for each of his three minor children. Thereafter, within that calendar year, he transferred, without valuable consideration, to each of the three trusts, share and share alike, his entire right, title, and interest in and to certain shares of corporate stock of an aggregate value of $103,803. Certificates representing the shares were delivered to the trustee and accepted by her during the calendar year of 1933.

Each of the trust instruments directed the trustee to collect the income from the trust corpus, and after paying expenses, taxes, and the like, to accumulate the remainder of the income until the child named therein should attain the age of twenty-one years, or should die before that time. Upon reaching the age of twenty-one years each child was to receive the trust income until he reached the age of thirty, or

until the death of his mother, who was trustee, whichever event occurred first, and then he was to receive the corpus. In the event of the death of any child before the time of distribution of the trust created for him, the corpus was to go to his issue, or in default of issue, to the other children of the taxpayer.

In his tax return for that year the taxpayer reported these gifts in the aggregate sum as stated, and deducted therefrom $5,000 for each trust, and the specific exemption of $50,000, leaving a net taxable amount of $38,803. The Commissioner disallowed the deduction of $15,000 on the ground that the gifts were of future interests. Upon taxpayer's petition for a re-determination, the Board held that the gifts were not of future interests, and that there was no deficiency. It is this decision that the Commissioner seeks to review.

The sections of the Revenue Act of 1932 which are here pertinent are as follows.

"Sec. 501.

"(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502 [section 551], shall be imposed upon the transfer during such calendar year by any individual, resident, or non-resident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible." 26 U.S.C.A. § 550.

"Sec. 504.

"(a) *General definition.* The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505 [section 554].

"(b) *Gifts less than $5,000.* In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C.A. § 553.

"Sec. 1111. (a) When used in this Act—

"(1) The term 'person' means an individual, a trust or estate, a partnership, or a corporation." 47 Stat. 289.

The applicable regulations of the Treasury Department under this Act, promul-

gated in 1933, are found in Articles 10 and 11 of Regulations 79 and were revised in 1936. They closely follow the words of the statute and we find in them no language which can reasonably be interpreted as an attempt to change the plain meaning of the statute, unless it be in their definitions of the words "future interests," which the statute does not define. In Article 11 of the original regulations it is said, "A future interest in property is any interest or estate in property, whether vested or contingent, which is limited to commence in use, possession, or enjoyment at some future date or time." In the revised regulation it is said, " 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time."

A reading of section 501 (b) of the Act (26 U.S.C.A. § 550(b), aside from the regulations, leaves no doubt in our minds as to the soundness of the Board's ruling. Under the undisputed evidence all the elements of a consummated gift were present. With respect to the donor the transfer was not in futuro. He thereby divested himself of all vestige of title, and no future act on his part could modify or abrogate his act. Likewise, the donees were competent to accept the gifts, and they did so immediately. True, they were trusts, but they were no different from persons, for the Act so states. They took immediate title to and possession of all the property from the donor; they put it to instant use for the directed purpose of building up an estate for the ultimate and contingent beneficiaries, who were named specifically. The fact that those beneficiaries did not come into possession of the corpus until some time in the future, dependent upon some contingency, does not make the donor's act any the less a completed transfer to the trustees. The fact must not be overlooked that the Act involved relates to transfers and not receipts. If the regulation referred to be construed to apply to instances where the donor retains a future interest in the corpus during the determination of the title we find no fault with it; but if it be construed otherwise we think its effect would be to read something into the statute which is inconsistent with its plain meaning.

Our attention is called to the intention of Congress as disclosed by its committee reports and debates. They are always to be considered when the meaning of the enactment is doubtful or ambiguous, but not otherwise. We are convinced, however, that the enactment is neither ambiguous nor doubtful in its expressions.

The decision of the Board is affirmed.