**WELCH, Collector of Internal Revenue, v. DAVIDSON.**

No. 3408.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

Jerome P. Carr, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for appellant.

Earle W. Carr, of Boston, Mass. (J. Alex. Lane and Gaston, Snow, Hunt, Rice & Boyd, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and BREWSTER, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Massachusetts in favor of the plaintiff. The action is to recover gift taxes paid by the plaintiff for the calendar year 1934, assessed as an additional tax in the amount of $1,272.26.

The facts are not in dispute. It appears that on January 18, 1934, the plaintiff and his wife created an irrevocable trust, and the plaintiff transferred to the Old Colony Trust Company, as trustee, three life insurance policies on his life, which had a cash surrender value of $37,740.05 (the policies of the wife are not here involved); that in the trust instrument it was provided that on the plaintiff's death the trustee was to collect the proceeds of the policies and divide them into equal shares, one to each of the plaintiff's seven daughters then surviving, and pay the income of each share to the daughter for whom it was held, for life; that one-half of the principal of each share was to be distributed when the beneficiary reached the age of 45 years, provided that at least ten years had elapsed after the plaintiff's death; that following the establishment of the trust and during the year 1934, the plaintiff paid the premiums on the policies in the amount of $20,971.25; and that in that year he made an outright gift to his daughter Elizabeth (one of the beneficiaries of the trust) of a home worth $20,000.

In his gift tax return for 1934 the plaintiff included all of the above gifts and claimed total exclusions of $35,000, of which $5,000 represented the first $5,000 of the value of the home given to Elizabeth and the remaining $30,000 represented an exclusion of $5,000 for each of the gifts in trust made to the other six children.

The Commissioner disallowed the exclusion of $30,000 with respect to the gifts in trust on the ground that the interests conveyed were future interests, assessed a deficiency of $1,272.26, which was paid and this suit brought.

In the District Court judgment was rendered for the plaintiff on the ground that the gifts were of present interests; that the beneficiaries of the trust, and not the trustee, were the donees; and that an exclusion of $5,000 to each of the six beneficiaries was proper.

The government has taken no assignment of error to the ruling of the District Court that the gifts were of present interests. The assignments on which it relies are (1) that the court erred in holding that each beneficiary named in the trust indenture is a donee within the provisions of Section 504(b) of the Revenue Act of 1932, as amended, 26 U.S.C.A. § 553(b); and (2) in denying the defendant's request for a ruling of law that under the trust indenture of January 18, 1934, *the trustee is the donee,* within the provisions of Section 504(b) of the Revenue Act of 1932, as amended.

The applicable provisions of the Revenue Act of 1932 are:

"Sec. 501. *Imposition of tax.*

"(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in Section 502 [section 551], shall be imposed upon the *transfer* during such calendar year by any individual, resident, or nonresident, of property *by gift.*

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *." 26 U.S.C.A. § 550 (a, b).

"Sec. 504. *Net gifts.*

"(a) *General definition.* The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in Section 505 [section 554].

"(b) *Gifts less than $5,000.* In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C.A. § 553(a, b).

The government in its brief concedes that the taxpayer is entitled to one exclusion of $5,000, but contends that, as there was only one trust, there was only a single gift and that was to the trustee as donee. It overlooks the agreed facts wherein it was stipulated that $5,000 of the total exclusion of $35,000 "represented the first $5,000 of the value of the home given to the daughter Elizabeth, as to which it is conceded the taxpayer was entitled to an exclusion;" so that, in any event, the plaintiff is entitled to an exclusion of $10,000.

The real question here, however, is whether the other six daughters named in the trust instrument as beneficiaries are donees or whether the trustee who took the legal title to the trust res is the donee.

It must be conceded that in equity the beneficiary of a trust is the owner of the trust res; that he has an equitable estate in the property constituting the trust and is considered the real owner; that the trustee, on the other hand, holds the legal title to the property with the right to administer it for the benefit of the beneficiary and in accordance with the terms of the trust; and that a gift, whether it is a direct one or an indirect one through the instrumentality of a trust, is the transfer of property with donative intent.

We think it is plain enough that a beneficiary under an irrevocable trust, who takes a present interest (which it is conceded the beneficiaries in this case did), is the donee on whom the donor intended to bestow his bounty and that the trustee, to whom he conveys the legal title devoid of any beneficial interest, is not. Does the Revenue Act of 1932 call for a different interpretation?

In the Revenue Act of 1924, imposing a gift tax, Section 319, 43 Stat. 313, provides:

"Sec. 319. For the calendar year 1924 and each calendar year thereafter, a *tax* equal to the sum of the following is *hereby imposed* upon the *transfer* by a resident *by gift* during such calendar year of any property wherever situated, whether *made directly or indirectly,* and upon the transfer by a nonresident *by gift* during such calendar year of any property situated within the United States, whether made directly or indirectly." (Italics supplied.)

Then follow provisions for determining the amount of the tax.

The provisions of that Act imposing a tax upon transfers by gift do not differ materially from those of Section 501(a) and (b) of the Revenue Act of 1932. In fact they are substantially the same.

The Supreme Court in Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L. Ed. 748, had under consideration the meaning of the provisions of Section 319 of the 1924 Act. In that case it appeared that the taxpayer in 1917 created two revocable trusts, one for the benefit of his son and one for the benefit of his daughter. In 1925, after the enactment of the gift tax law of 1924, the taxpayer surrendered his power of revocation and the question was: whether there was a transfer by gift to the beneficiaries within the meaning of the Act of 1924 imposing a tax upon transfers by gift? And the Supreme Court held that on the surrender of that power a transfer by gift to each beneficiary was effected, and became subject to a gift tax. This conclusion could not have been reached had the trustee and not a beneficiary been the donee, the object of the gift.

In discussing this question the court said (page 286, 53 S.Ct. page 371):

"The statute is not aimed at every transfer of the legal title without consideration. Such a transfer there would be if the trustees were to hold for the use of the grantor. It is aimed at transfers of the title that have the quality of a gift, and a gift is not consummate until put beyond recall."

And after pointing out that the tax upon inter vivos gifts provided for in Part 2 of Title 3 of the Revenue Act of 1924, and that the tax upon transfers that take effect *at death,* provided for in Part 1 of the same Title, were closely related both in structure and purpose, and that there had been a steady widening of the concept of a transfer for the purpose of taxation under the provisions of Part 1, said (page 287, 53 S. Ct. page 371):

"The tax upon estates, as it stood in 1924, was the outcome of a long process of evolution; it had been refined and perfected by decisions and amendments almost without number. The tax on gifts was something new. Even so, the concept of a transfer, so painfully developed in respect of taxes on estates, was not flung aside and scouted in laying this new burden upon transfers during life. Congress was aware that what was of the essence of a transfer had come to be identified more nearly with a change of economic benefits than with technicalities of title."

If the trust in the Guggenheim case had been irrevocable at the time it was created there can be no doubt that the court would have held that a transfer of a present interest in the nature of a gift passed to the beneficiary at the time of the execution of the trust; but, inasmuch as no economic benefits were transferred to the beneficiary until the withdrawal of the power of revocation no transfer by way of gift took place until that power was withdrawn.

The statute of 1932, like that of 1924, was "not aimed at every transfer of the legal title without consideration." It was aimed at transfers that "had come to be identified more nearly with a change of economic benefits than with technicalities of title", at "transfers of the title that have

the quality of a gift." Surely transfer of title to the trustee did not partake of the quality of a gift. The trustee was not the object of the plaintiff's bounty. The transfer to it of the bare legal title effected "no change of economic benefits" in its behalf. The beneficiaries are the donees.

The reports of the Ways and Means Committee of the House and the Committee on Finance of the Senate, as to the Revenue Act of 1932, support the conclusion we have reached, as do Articles 2 and 11 of Regulations 79 of the Treasury Department.

The folly of the contention of the government—that the trustee is the donee—is to our minds demonstrated in its application by the Board of Tax Appeals in Edwin B. Cox v. Commissioner, 38 B.T.A. 865, No. 110. That case involved two trusts made in the same year, each having a different trustee but the same beneficiary; and the Board held that two exclusions of $5,000 each were allowable, although the donor's son was the sole beneficiary in each trust. That case is in direct conflict with the holding of the Supreme Court in the Guggenheim case where it pointed out that the statute is "not aimed at every transfer of the legal title without consideration," but rather at transfers that "had come to be identified more nearly with a change of economic benefits than with technicalities of title," those that have "the quality of a gift." The trustees in the Cox case surely did not experience any change of economic benefits due to the transfers there made and the transfers did not have the nature or quality of gifts to the trustees.

While the government has simply assigned as error the denial of its request for a ruling that under the trust indenture of January 18, 1934, the trustee is the donee within the provisions of Section 504(b) of the Revenue Act of 1932, it now contends that under the trust indenture of January 18, 1934, the trust is the donee, as Section 1111(a) (1) of the Act of 1932, 26 U.S.C.A. § 1696(a) (1), states that the word "person", as used in that Act, means "an individual, a trust or estate, a partnership or corporation." But if Section 1111(a) (1) is applicable, the question presented does not differ from the one raised by the assignment of error which we have already considered and held that the daughters of the donor, the individuals for whom the gifts were intended and to whom the economic interests were transferred are the donees.

The judgment of the District Court is affirmed.