**ROBERTSON v. NEE, Collector of Internal Revenue.**

**No. 11291.**

Circuit Court of Appeals, Eighth Circuit.

June 26, 1939.

WOODROUGH, Circuit Judge, dissenting.

———◆———

Charles E. Whittaker, of Kansas City, Mo. (I. N. Watson, Henry N. Ess, and Watson, Ess, Groner, Barnett & Whittaker, all of Kansas City, Mo., on the briefs), for appellant.

Louise Foster, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, and Leon F. Cooper, Sp. Assts. to Atty. Gen., and Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., on the briefs), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This is an action to recover gift taxes for the year 1936 alleged to have been wrongfully collected. The facts were not in dispute, and the case was tried to the court without a jury.

On August 15, 1935, the taxpayer (appellant) transferred to his wife, as trustee, without valuable consideration, and for her benefit and that of their son and their daughter and future descendants, a certificate evidencing 2,039 beneficial units of participating interest in the common capital stock of the Kansas City Star Company, upon the terms and conditions of an "Indenture of Trust". This indenture contemplated that the taxpayer might from time to time transfer additional property to the trustee, to be administered for the same beneficiaries on the same terms and conditions; and the taxpayer on August 1, 1936, transferred to his wife, as trustee under this same trust, without consideration, another certificate, evidencing 108 beneficial units of participating interest in the same common stock, which certificate was of the value of $14,851.08.

The tax paid by the taxpayer, and sought to be recovered back in this action, was assessed with respect to the gift transfer of August 1, 1936. If that transfer constituted one gift, the tax sought to be recovered was lawfully collected, but if there were three gifts, no one of them exceeded $5,000 and no tax was payable with respect thereto. Revenue Act of 1932, c. 209, § 504, 47 Stat. 247, 26 U.S.C. § 553, 26 U.S.C.A. § 553.

This case and the case of Rheinstrom v. Commissioner of Internal Revenue, 8 Cir., 105 F.2d 642, in which was presented the question whether a transfer to a trust such as that which is here involved constituted a single gift to the trust or constituted as many gifts as there were beneficiaries of the trust taking present interests, were presented and submitted to this Court together. These cases had previously been argued separately, one before one division of this Court, and one before another division. After a decision (unreported) affirming the judgment in this

case had been filed, a reargument of both cases was ordered.

This case was not tried in the court below, or argued originally in this Court, upon the same theory as the Rheinstrom case. The contention of the taxpayer in the court below, and upon his original submission in this Court, was that the trust instrument created three separate trusts, and not one trust. Both the lower court and this Court were of the opinion that only one trust was created, and, accepting the view of the taxpayer that the number of gifts was to be determined by the number of trusts created, concluded that the taxpayer had made but one gift.

■■ The taxpayer now makes the same contention that was made by the petitioner in the Rheinstrom case, namely, that his transfer to the trust constituted three gifts, one to each of the beneficiaries. The appellee urges us to hold that it is now too late for the taxpayer to make that contention. We might be justified in so ruling, but our examination of the taxpayer's claim for refund, his petition in the court below, his assignments of error here, and his record on appeal, indicates to us that the point which he now urges was in the case at all times, and that the broad question presented was whether the transfer in trust made by the taxpayer was, for any reason, three gifts. Under the circumstances, we think that the taxpayer should not be denied the benefit of our ruling in the Rheinstrom case,[1] in which we have this day held that a similar transfer in trust did not constitute one gift to the trust, but constituted as many gifts as there were beneficiaries taking a present interest.

Upon the authority of the Rheinstrom case, the judgment appealed from is reversed, and the case is remanded with directions to enter judgment for the taxpayer.

WOODROUGH, Circuit Judge (dissenting).

The fundamental of taxation is that it should bear alike upon all within its purview. I agree that the same kind of decision ought to be made in this case as in Rheinstrom's case, but I think the result ought to be different in both.

---

[1] Compare Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981, affirmed, 8 Cir., 72 F.2d 374, certiorari denied 293 U.S. 596, 55 S.Ct. 112, 79 L.Ed. 690.