## McBRIER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7155.

Circuit Court of Appeals, Third Circuit.

Dec. 19, 1939.

Elmer K. Weppner, of Buffalo, N. Y., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Edward M. English, Sp. Assts. to Atty. Gen., for respondent.

Before MARIS, CLARK, and JONES, Circuit Judges.

CLARK, Circuit Judge.

What is a person? To one conversant with the English language it is primarily a human being or individual. To the lawyer it also suggests a corporation.[1] The lexicographer goes further, listing numerous gradations and differences of meaning, i.e., a role, a personage, or "the body in its external aspect", New Century Dictionary p. 1288. The Congress, however, outdoes them all. As defined by it in the Revenue Act of 1932:

"Sec. 1111. (a) When used in this Act—

"(1) The term 'person' means an individual, a trust or estate, a partnership, or a corporation." 47 Stat. 289, cf. 26 U.S.C.A. § 1696(1).

This definition carries over into the statute governing the circumstance at bar. Embodied in the same Act, it taxes gifts and reads in part: "(b) Gifts less than $5,000. In the case of gifts (other than of future interests in property) made to any

---

[1] Mr. Justice Frankfurter in the recent case of Neirbo Company and A. P. Smith Manufacturing Company et al. v. Bethlehem Shipbuilding Corporation, Ltd., 60 S.Ct. 153, 155, 84 L.Ed. ——, sums up the success of this suggestion. He says with the lucidity that is now enriching the Supreme Court decisions:" * * * It has done so largely by assimilating corporations to natural persons. The long, tortuous evolution of the methods whereby foreign corporations gained access to courts or could be brought there, is the history of judicial groping for a reconciliation between the practical position achieved by the corporation in society and a natural desire to confine the powers of these artificial creations.", citing Henderson, The Position of Foreign Corporations in American Constitutional Law, pp. 163–194. See also Warren, History of the Supreme Court, Vol. 1, p. 389, Vol. 2, p. 394, Vol. 3, p. 427; Warren, History of the Federal Judiciary Act of 1789, 37 Harvard Law Review 49, 90; Russell, Congress Should Abrogate Federal Jurisdiction over Corporations, 7 Harvard Law Review 16; Thompson, Federal Jurisdiction in Cases of Corporations, 29 American Law Review 864; Trieber, Jurisdiction of Federal Courts in Actions in Which Corporations are Parties, 39 American Law Review 564; Baldwin, A Legal Fiction with Its Wings Clipped, 41 American Law Review 38; Alitzer, Jurisdiction of Federal Courts over State Corporations, 43 American Law Review 409; Frankfurter, Distribution of Judicial Power Between United States and State Courts, 13 Cornell Law Quarterly 499; Friendly, The Historic Basis of Diversity Jurisdiction, 41 Harvard Law Review 483; compare Australasian Temperance and General Mutual Assurance Society, Ltd., v. Howe, 31 C.L.R. 290, and as to the Fourteenth Amendment, Graham, The "Conspiracy Theory" of the Fourteenth Amendment, 47 Yale Law Journal 371, Part 1; 48 Yale Law Journal 171, Part 2.

person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C. A. § 553(b).

We are asked to determine to what "person" a gift in trust is made. The Commissioner, as respondent-appellee, thinks it is the trust person, so that one trust with ten beneficiaries should be given one exemption and, startlingly, vice versa. The taxpayer, having set up a trust for ten grandchildren, advocates, needless to say, the individual person theory with its far less drastic consequences from the standpoint of tax avoidance.

■ These opposing views are, of course, the direct result of an express statutory ambiguity. It is appropriate, therefore, to resolve that ambiguity by recourse to pertinent Congressional sources. They are explicit: "Such exemption, on the one hand, is to obviate the necessity of keeping an account of and reporting numerous small gifts, and, on the other, to fix the amount sufficiently large to cover in most cases wedding and Christmas gifts and occasional gifts of relatively small amounts. The exemption does not apply with respect to a gift to any donee to whom is given a future interest. The term 'future interests in property' refers to any interest or estate whether vested or contingent, limited to commerce in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty in many instances of determining the number of eventual donees and the values of their respective gifts." 72 Cong. 1st Sess. Sen. Rept. No. 665, p. 41; 72 Cong. 1st Sess. H. Rept. No. 708, p. 29.

To be sure, wedding and Christmas presents are not ordinarily given in trust, nor, on the other hand, do trusts ever celebrate Christmas or marry. However that may be, a conclusive indication of legislative intent exists, we think, in the reason for the denial of the exemption for gifts of future interests. The trust as an abstraction is immortal. If it is the donee, what becomes of the postulated difficulties of ascertainment and valuation? Other and further grounds for regarding "person" as meaning individual have been summed up in this wise: " * * * It appears from the Committee Reports on the Revenue Act of 1932 discussing the tax generally that Congress believed that the beneficiary and not the trust was the donee. Similarly Congress recognized that the beneficiary was the real donee when it exempted from the tax that portion of the present value of a transfer in trust which inured to charity. Furthermore, it has been recognized that where a settlor has irrevocably transferred property to a trust, reserving only the power to change the beneficiary to persons other than himself, there is no taxable gift since the cestuis que trust are not finally determined, and a gift requires a definite donee. Therefore, while it is difficult to overlook the usual recognition of an irrevocable trust as a legal entity for tax purposes and to avoid the fact that the trustee and not the beneficiary is the only one having an immediate legal interest in the property, it seems wiser to recognize that the gift tax should apply to the shifting of economic benefit rather than of bare legal title." 86 University of Pennsylvania Law Review 907, 908.

The writers' views are amply sustained by the authorities cited in their support. See, also, Sanford's Estate v. Commissioner, 60 S.Ct. 51, 84 L.Ed. ——. Furthermore, every case on the question has reached the same conclusion, Welch v. Davidson, 1 Cir., 102 F.2d 100; Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642; Ryerson v. United States, D.C., 28 F.Supp. 265.

■ One case, not on the question, is the be all and end all of the Commissioner's contrary attitude, Commissioner v. Wells, 7 Cir., 88 F.2d 339. It holds that the trust is the donee for the purpose of determining whether a gift is of a "future interest in property". The decision expressly excludes any consideration of the Committee Reports quoted above, and overlooks the possibility of tax avoidance engendered by its doctrine. We feel, therefore, despite the dicta of this court in Commissioner v. Krebs, 3 Cir., 90 F.2d 880, 881 that the Wells case cannot be followed without misgivings, much less extended into the field at bar.

In conclusion it is fitting to observe that the trust person theory has been viewed with Congressional alarm. The Senate Committee on Finance reported in 1938: " * * * The Board of Tax Appeals and several of the Federal courts have held, with respect to gifts in trust, that the trust entities were the donees and on that ac-

count the gifts were of present and not of future interests. The statute, as thus construed, affords ready means of tax avoidance, since a donor may create any number of trusts in the same year in favor of the same beneficiary with a $5,000 exclusion applying to each trust, whereas the gifts, if made otherwise than in trust, would in no case be subject to more than a single exclusion of $5,000." 75th Cong. 3d Sess. S. Rep. No. 1567, p. 41.

Accordingly, the statute under construction has been amended to withhold the exemption from gifts in trusts as well as those of "future interests", Act May 28, 1938, § 505(a), 52 Stat. 565, 26 U.S.C.A. § 553(b). A re-definition of the latter term would, of course, have been the more exact solution, and that being so, the plug exceeds the loophole. But this excess does not, we think, indicate any implied legislative disapproval of the interpretation we have adopted. It is only because the apprehended avoidance extended to present as well as future interests in trust that the exemption has been denied to both. Our interpretation excludes that apprehension.

The decision of the Board of Tax Appeals is reversed.