## HUTCHINGS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9319.

Circuit Court of Appeals, Fifth Circuit.

April 13, 1940.

---

Rupert R. Harkrider and Thomas W. Lain, both of Galveston, Tex., for petitioner.

Louise Foster, Sewall Key, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner, having a donative intent toward her seven children, transferred to two of them in trust for the seven, property valued at $144,970.34. The Commissioner allowed a specific exemption of $50,000, and on the theory that the donation was one, to the trustees and not seven, one to each of the beneficiaries, allowed the donor one $5,000 exemption instead of the seven she claimed. The Board sustained the Commissioner's determination. Petitioner's appeal presents the single question whether, for the purpose of the $5,000 gift tax exclusion, allowed under Section 504(b), Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, the gifts in trust should be treated as seven gifts, that is to each of the beneficiaries his proportionate part of the whole fund, or one gift, the whole of the fund to the trustees.

Petitioner is in the extremely fortunate position of being able to point out that every Circuit Court of Appeals and every District Court which has passed on the question,[1] has held that the objects of the donative intent in such cases and therefore the recipients of the gifts, are the beneficiaries, not the trustees, who are the mere instruments for carrying out the intent, and that the Board itself has in later cases, taken this same view.[2] She invites us to join the procession and to make it, except for respondent, unanimous. Respondent, standing his ground though deserted and alone, insists that all of the cited rulings and decisions are wrong, and appealing to our pride of opinion, invokes our independent judgment. We have examined and considered the question, both independently and in the light of the reasons advanced for and against respondent's determination and the Board's approval of it. We think it plain that wrongly based on the supposed but not the real purport and effect of Commissioner v. Wells, 7 Cir., 88 F.2d 339; Commissioner v. Krebs, 3 Cir., 90 F.2d 880, the conclusion of the Commissioner and the Board finds support neither in the language of the statute nor in the decisions the Board relies on.

Whatever of confusion and of apprehension as to its opening a loop hole for gift tax evasions, has arisen from a misconstruction of the effect of the holding in the Wells case, has been dissipated by the decisions cited in Note 1 and by Section 505 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, which as to transfers in trust, takes away the exclusion entirely.

While not directly in point, these cases correctly construed, in effect support the view of petitioner that the gift is not to the trustees, but a present one to the beneficiaries, whether accomplished by the creation of one or more trusts. The case for petitioner's view is well and strongly put in Welch v. Davidson and in Rheinstrom v. Commissioner, supra. We can add nothing. The decision of the Board is reversed and the cause is remanded for a determination of the deficiency in accordance herewith.

Reversed and remanded.

[1] Davidson v. Welch, D.C., 22 F.Supp. 726; McBrier v. Com'r, 3 Cir., 108 F.2d 967; Rheinstrom v. Com'r, 8 Cir., 105 F. 2d 642, 124 A.L.R. 861; Robertson v. Nee, 8 Cir., 105 F.2d 651; Ryerson v. United States, D.C., 28 F.Supp. 265; Welch v. Davidson, 1 Cir., 102 F.2d 100.

[2] Rubinstein v. Com'r, 41 B.T.A., 220; Winterbotham v. Com'r, 41 B.T.A. —, decided Feb. 7, 1940.

SIBLEY, Circuit Judge (concurring).

I do not think the question is so one-sided as it is made to appear. The Revenue Act of 1932, Sec. 504(b), excluded from tax the first $5,000 "in the case of gifts (other than of future interests in property) made *to any person* by the donor during the calendar year." By Section 1111(a) (1), 26 U.S.C.A. Int.Rev.Acts, "The term 'person' means an individual, *a trust* or estate, a partnership, or a corporation." This definition was cited and applied in Commissioner v. Wells, 7 Cir., 88 F.2d 339, and Commissioner v. Krebs, 3 Cir., 90 F.2d 880, the *trusts* therein being treated as the donees of the gifts. However, most of the discussion was about the question of "future interests in property", and the holding on that was that what the donor presently parted with and not what some beneficiary might presently receive was determinative. Welch v. Davidson, 1 Cir., 102 F.2d 100, rejected the idea that the trust was the donee, and by confusing the trust with the trustee, (who of course takes title only and no beneficial interest), asserted that the beneficiaries are always the donees. Reliance was put on Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748, which decided nothing about whether the trust or the beneficiary was the "person" to whom a gift in trust is given, but decided only that the gift is not complete until the power to revoke it is extinguished. Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642; Robertson v. Nee, 8 Cir., 105 F.2d 651; McBrier v. Commissioner, 3 Cir., 108 F.2d 967, follow the Welch case. The dictum of these latter cases that "in equity the beneficiary of a trust is the owner of the trust res" [105 F.2d 646] is not always true, as in the case of charitable trusts. Equity does not hold the trustee to be the full owner, because his title is incumbered with the trust, but often and for long periods the beneficiaries may be unknown or unascertainable, or some enterprise or cause is to be benefitted rather than certain individuals. And if Congress really intended "the trust" to be regarded as the "person" who receives a gift, the attitude of equity would be immaterial. The amendment of Sect. 504(b) by the Act of May 28, 1938, 52 Stat. 565, § 505, which excludes "gifts in trust" as well as "of future interests in property" from the $5,000 exemption, shows only that Congress thought best to avoid rather than settle the question whether the trusts or the individual beneficiaries should be counted in ascertaining the number of gifts.

While from an administrative standpoint it is regrettable to introduce a question of the donor's intention as controlling, I think we must. If it appears that some enterprise or charity or impersonal purpose, or even remote and unascertained first beneficiaries, furnished the motive for the gift in trust, it should be esteemed a single gift to the trust. If on the other hand the first beneficiaries are ascertained individuals whom the donor wished to help, and used the trust only as a device to convey or preserve the gift or control its ultimate devolution, the gift is to these persons, and not to the trust, and there are as many gifts as there are first beneficiaries. In the case first put the gift is moved by a general benevolent purpose, and resembles a gift to a corporation, which would be but a single gift no matter who might be or become stockholders. In the second case the gift is moved by personal affection, intended to benefit special individuals who might have been made separate donees.

In the case before us the gift in trust was plainly not moved by any general idea or ideal, but by personal affection to her seven children. She might easily have created a trust for each in a seventh of the property. Her intention was to give each an equal share, with the safeguards afforded by the trust management. Without doubt her intention was to make a gift to each of her children, the trust being only the machinery to accomplish it.