## PAINE v. WELCH et al.

No. 183.

District Court, D. Massachusetts.

May 20, 1940.

Richard Wait (of Choate, Hall & Stewart), of Boston, Mass., for plaintiff.

C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Lyle M. Turner, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., of Boston, Mass., on the brief), for defendants.

SWEENEY, District Judge.

This is an action to recover gift taxes alleged to have been illegally assessed and collected. A stipulation of facts has been filed by the parties which I adopt as my findings of fact under Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. From this stipulation it appears that: On January 1, 1930, the plaintiff created an irrevocable trust, naming himself as trustee. The trust instrument provided that the income of the trust as it was earned was to be added to the corpus of the trust as part of the principal. Upon the beneficiaries reaching the age of twenty-one, each was to receive his or her share of the corpus, and if any beneficiary died before reaching the age of twenty-one, his share was to pass according to the laws relating to the devolution of property upon death but payment was not to be made until the time when the beneficiary, if living, would have reached the age of twenty-one. Provision was also made whereby advances might be made from their shares to the beneficiaries or for their support, maintenance or education by the trustee.

By the instrument dated March 1, 1934, the plaintiff amended the said trust by adding to the corpus thereof certain securities for the equal benefit of his minor children, Priscilla Paine, 2nd, and Stephen Davies Paine. In filing his gift tax return for the year 1934, the plaintiff reported the fair market value of the said gift made in that year as $22,073, and claimed total exclusions of $10,000 on account of his two minor children for whose benefit the gift was made and a specific exemption of $12,073.

A deficiency in the plaintiff's 1934 gift tax of $76.81 was proposed by the Commissioner on the ground that the interests con-

veyed were future interests, and hence not subject to exclusion under section 504 (b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts p. 585. He also increased the value of the property given by $120.64. On November 2, 1936, the plaintiff paid said proposed deficiency of $76.81, together with interest from March 15, 1935, in the amount of $7.52, and seasonably thereafter filed a claim for refund of the entire amount paid on the ground that the interests conveyed were not future interests and that total exclusions of $10,000 should properly have been allowed. Subsequently this claim was allowed to the extent of $38.40, on the ground that while no future interests were conveyed, only one $5,000 exclusion was allowable, the trust and not the respective beneficiaries being the real donee of the gift. Thereupon the plaintiff seasonably filed a second refund claim seeking to recover the balance of the gift tax not yet refunded on the ground that he was entitled to one $5,000 exclusion for each of his two children for whose benefit the property was conveyed to the trust. On August 6, 1938, the Commissioner rejected this second claim in its entirety and the present suit was brought to recover the amount claimed, i. e., $38.40 with interest. Plaintiff now concedes that he is liable for a gift tax for the year 1934 upon a gift in the amount of $120.64, this being the amount by which the Commissioner increased the value of the interests transferred during that year, and against which the plaintiff did not, on his return, claim any specific exemption.

On his gift tax return for the year 1935 the plaintiff reported outright gifts to his son, William A. Paine, 2nd, of property valued by him at $4,818.75, and to his wife, Mrs. Priscilla Paine, of property valued by him at $29,748.25. He also reported contributions to the corpus of the 1930 trust, above referred to, of property valued by him at $13,907.74 for the equal benefit of Priscilla Paine, 2nd, Sarah Sargent Paine and Stephen Davies Paine, and to the corpus of the Paine Realty Trust, so-called, of property valued by him at $96,905.90 for the benefit of Mrs. Priscilla Paine, Priscilla Paine, 2nd, William A. Paine, 2nd, Sarah Sargent Paine, and Stephen Davies Paine. This trust, created by instrument dated July 23, 1934, as amended September 3, 1935, provided that the income be paid to the plaintiff's wife and children in such proportions as the plaintiff, as trus-

tee, should determine, or should be accumulated for their benefit until the termination of the trust. The trust was to terminate upon the death of the plaintiff, at which time the trust property was to be paid over to the plaintiff's wife and children as tenants in common in equal shares. Against such gifts upon which the plaintiff placed an aggregate value of $145,380.64 he claimed exclusions of $25,000 and a specific exemption of $37,927, and paid a gift tax upon net gifts of $82,453.64 in the amount of $3,015.62.

The Commissioner proposed a deficiency of $750.94 in the plaintiff's gift tax liability for the year 1935, this proposed deficiency resulting from an increase in the valuation of the property transferred during the year of $2,142.28, and from an increase in the amount of net gifts for prior years from zero, as it was reported on the plaintiff's gift tax return, to $10,120.64, this increase being due to the Commissioner's adjustment of the value of the gifts made by the plaintiff in 1934 and to the disallowance of all exclusions claimed against gifts made in that year on the ground that the transfers then made involved future interests in property, as stated above. The valuation placed by the Commissioner upon the various gifts made by the plaintiff in 1935 is as follows: to William A. Paine, 2nd, $4,906.88; to Mrs. Priscilla Paine, $30,611.58; to the 1930 trust for the benefit of Priscilla Paine, 2nd, Sarah Sargent Paine and Stephen Davies Paine, $14,088.15; to the Paine Realty Trust for the benefit of Mrs. Priscilla Paine, Priscilla Paine, 2nd, William A. Paine, 2nd, Sarah Sargent Paine and Stephen Davies Paine, $97,916.31.

On November 2, 1936, plaintiff paid said proposed deficiency of $750.94, together with interest thereon from March 15, 1936, in the amount of $28.53, and seasonably thereafter filed a claim for refund of the amount so paid. Subsequently the Commissioner, prior to the consideration of said claim, proposed an additional deficiency of $44.69. This deficiency resulted from the reduction of the total exclusions against gifts made by the plaintiff in the year 1935 from $25,000 claimed by the plaintiff to $19,906.88. In computing the deficiency the Commissioner took into account, however, the fact that one $5,000 exclusion had been allowed against the gifts made by the plaintiff in 1934. Plaintiff paid this second deficiency together

with interest in the amount of $5.73 on June 16, 1938, and seasonably thereafter filed a claim for refund of $651.93 on the ground that he was entitled to two $5,000 exclusions against the gifts made by him in 1934. Plaintiff now concedes that he is liable for a gift tax for the year 1935 upon net taxable gifts of $84,595.92 rather than upon net taxable gifts of $82,-453.64, the amount reported by him in his return, the correctness of the Commissioner's increase in the valuation of the gifts made in the said year being conceded.

The plaintiff in open court agreed to the Commissioner's valuation for the year 1934 which increased it by $120.64. The tax on that amount with interest is 99¢ so that the amount involved here is correct in the amount of $41.18.

In 1935 the corrected valuation by the Commissioner was $147,522.92. On this new valuation the plaintiff admits that there was a tax deficiency of $151.85. This, together with interest in the amount of $5.69, must be deducted from the amount claimed in the refund and is correct in the amount of $621.73.

An additional assessment of interest in the amount of $50.42, levied on the 1935 return, was paid.

## Conclusions of Law

The facts in this case are governed by the rule laid down in Davidson v. Welch, 22 F.Supp. 726, which was decided by this court, and affirmed by the Circuit Court of Appeals, 1 Cir., 102 F.2d 100. See, also, Robertson v. Nee, 8 Cir., 105 F.2d 651, and Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 124 A.L.R. 861. These and many other cases that have been decided since state, and I rule here, that the beneficiaries of the trusts were the donees of gifts, and that this taxpayer is entitled to a $5,000 exclusion for each beneficiary named in the trust.

I also rule that the gifts to the beneficiaries were gifts of a present interest rather than gifts of a future interest. See Commissioner v. Wells, 7 Cir., 88 F.2d 339; Commissioner v. Krebs, 3 Cir., 90 F. 2d 880; Noyes v. Hassett, D.C., 20 F. Supp. 31.

The plaintiff is therefore entitled to judgment in the amount of $41.18 with interest from November 2, 1936, on account of the 1934 tax, and judgment in the amount of

$621.73 with interest from November 2, 1936, on account of the 1935 tax, and is further entitled to judgment in the amount of $50.42 with interest from June 16, 1938.