**EARLY, Collector of Internal Revenue, v. REID.**

No. 4642.

Circuit Court of Appeals, Fourth Circuit.

Aug. 7, 1940.

Berryman Green, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen. (Sterling Hutcheson, U. S. Atty., and Russell T. Bradford, Asst. U. S. Atty., both

of Norfolk, Va., on the brief), for appellant.

Charles L. Kaufman, of Norfolk, Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

The question presented by this appeal is whether one exclusion of $5,000 or nine exclusions aggregating $43,929.40 are allowable under § 504 (b) of the Revenue Act of 1932, 47 Stat. 169, 26 U.S.C.A.Int.Rev. Acts, page 585, in computing the gift tax upon a transfer of real estate by indenture of trust from the taxpayer to trustees for the benefit of his wife, two children and six grandchildren. The several beneficiaries acquired present interests under the trust indenture of a value at least equal to the respective exclusions claimed by the taxpayer. Having paid the tax assessed by the Commissioner of Internal Revenue on the theory that only one exclusion was allowable, the taxpayer filed claim for refund without avail, and then brought this action in the District Court where a judgment was rendered in his favor.

The Commissioner's contention is based upon the theory that the trustees named in the indenture of trust constituted a taxable entity to which, as donee, the transfer was made as a single gift. To sustain this theory he cites Commissioner of Internal Revenue v. Wells, 7 Cir., 88 F.2d 339 and Commissioner of Internal Revenue v. Krebs, 3 Cir., 90 F.2d 880. In these cases the gifts took the form of transfers in trust under which the use or enjoyment of the beneficiaries was limited to commence at a future date, and the Commissioner claimed that the donors were not entitled to the exclusions created by the statute, because the gifts were of future interests. But the Board of Tax Appeals and the courts decided that the exclusion should be allowed, because in any event, the transfers constituted gifts of present interests to the trustees, who were persons within the meaning of the Act.

These cases dealt primarily with the question of future interests and not with the question of the number of allowable exclusions. When this question came before the Board in subsequent cases, it first took the position that since in Commissioner v. Wells, supra, the trustee was considered the donee for the purpose of the exclusion granted by the statute, the number of trusts and not the number of beneficiaries should determine the number of allowable exclusions. Later the Board reversed its position and has since consistently held that the number of beneficiaries determines the number of allowable exclusions. In its present attitude the Board has had the support, until quite recently, of all the courts which have considered the question, including the Third Circuit Court of Appeals in its decision in McBrier v. Commissioner of Internal Revenue, 3 Cir., 108 F.2d 967, notwithstanding its earlier decision in Commissioner v. Krebs, supra. These decisions take the practical view that the objects of the donor's bounty and the recipients of the economic benefits conferred by a gift in trust are the beneficiaries of the trust, and not the trustee named by the donor to carry out his wishes. See Welch v. Davidson, 1 Cir., 102 F.2d 100; Hutchings v. Commissioner, 5 Cir., 111 F.2d 229; 1940 C.C.H. Vol. 4, p. 9979; Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 124 A.L.R. 861; Robertson v. Nee, 8 Cir., 105 F.2d 651; Pelzer v. United States, Ct.Cl., 31 F.Supp. 770.

On July 9, 1940, after the argument in the pending case, the Circuit Court of Appeals for the Seventh Circuit by a divided court in United States v. Ryerson, 114 F.2d 150, reached the opposite conclusion in a similar case. Without reference to the strong current of contrary authority, the court based its conclusion upon its earlier decision in Commissioner v. Wells, to which we have referred.

We find ourselves in accord with the reasoning of the other circuits, and the judgment of the District Court is therefore affirmed.