**HOPKINS v. MAGRUDER, Collector of Internal Revenue (two cases).**

**Nos. 6483, 6507.**

District Court, D. Maryland.

Sept. 25, 1940.

Niles, Barton, Morrow & Yost, Carlyle Barton, Henry W. Schultheis, and Charles E. Quandt, all of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., and Arthur L. Jacobs, Sp. Asst. to Atty. Gen. of U. S., for the Government.

WILLIAM C. COLEMAN, District Judge.

The opinion filed on July 19, 1940, D. C., 34 F.Supp. 381, 385, in these cases, heard jointly, concludes with the following paragraph relating to the question presented in case No. 6507 which was separate and distinct from the question presented in case No. 6483, namely, whether one or several exclusions of $5,000 is allowable under Section 504 (b) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev. Acts, page 585, in determining the amount of gifts in a trust, for the purpose of computing the gift tax thereon: "Since the precise question here involved, under the same statute, has been litigated in this circuit in the case of Fergus Reid v. N. B. Early, Jr., Collector, and is now on appeal from the District Court for the Eastern District of Virginia (whose decision was favorable to the tax-payer in that case and, therefore, favorable to the present plaintiff); and since arguments have been recently heard on this appeal and a decision may be rendered in the near future, this court feels that it should defer its own decision, pending action by the Circuit Court of Appeals."

On August 7th the Circuit Court of Appeals rendered its decision in Early v. Reid, 4 Cir., 112 F.2d 718, holding that the exclusion was allowable with respect to each of the beneficiaries, nine in all. The question there presented arose under the same Act involved in the present case, namely, Section 504 (b) of the Revenue Act of 1932, 47 Stat. 169, 247, 26 U.S.C.A.Int.Rev.Acts, page 585, in computing the gift tax upon a transfer of real estate by indenture of trust from the taxpayer to trustees for the benefit of his wife, two children and six grandchildren. The Court held that since the several beneficiaries acquired present interests under the trust indenture of a value at least equal to the respective exclusions claimed by the taxpayer, the objects of the donor's bounty and the recipients of the economic benefits conferred by a gift in trust are the beneficiaries of the trust, and not the trustee named by the donor to carry out his wishes.

The Circuit Court of Appeals pointed out that this view is also supported by the very decided weight of authority in

other Circuits, by the Court of Claims and by the Board of Tax Appeals.

In the present case the three beneficiaries for each of whom exclusion was claimed, stand in the same position as the several beneficiaries under the trust in Early v. Reid, and we find no material factual differences in the two cases.

Accordingly, plaintiff is entitled to a judgment for refund as claimed. Judgment will be entered therefore for the plaintiff in case No. 6507 and for the Collector in case No. 6483.