**HELVERING, Com'r of Internal Revenue, v. RUBINSTEIN et al.**

No. 11992.

Circuit Court of Appeals, Eighth Circuit.

Jan. 22, 1942.

Michael H. Cardozo, IV, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Forrest M. Hemker, of St. Louis, Mo. (Bernard Greensfelder, Edward Greensfelder, and Greensfelder & Hemker, all of St. Louis, Mo., on the brief), for respondents.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The controlling question presented is whether the petitioner is entitled to have this case remanded to the Board of Tax Appeals with directions to try an issue of fact and an issue of law not within the pleadings presented to the Board.

The facts, in so far as they relate to the sole issue tried by the Board, are not in dispute. Wilton Rubinstein, now deceased, on July 7, 1936, created a trust for the purpose of providing an independent income for his wife, Blanche Rubinstein, and his daughters, Ann Rubinstein, Peggy Rubinstein and Louise Rubinstein. He assigned to the trust notes having a value of $48,000. He named himself as trustee and Edward Greensfelder as co-trustee. The trustees were to pay over the net income "in semi-annual or other convenient installments (the first payment to be made after December 31, 1936), in equal parts to" the wife and daughters so long as the wife lived. Provision was made for distribution of the corpus equally among the children or the descendants of any deceased child after the wife's death upon the children reaching a certain age. The trust contained this provision: "If the Co-Trustee, in his sole discretion and for any reason that he sees fit, shall decide not to pay over to any of my children or grandchildren any income which they would otherwise be entitled to receive prior to the time they reach the age of twenty-one (21) years, then that part of said income shall not be paid over by the Trustees to said children or grandchildren, but shall become a part of the principal of the share to which said child or grandchild may be entitled and shall be held by the Trustees under the same terms and conditions as the share to which said child or grandchild may be entitled under the provisions of this trust agreement."

The notes assigned to the trust were six principal notes for $8,000 each, dated July 5, 1935, the first of which fell due January 5, 1938, and the balance of which fell due one every six months thereafter, and eight notes representing the interest on the principal notes, and bearing the same date, the first of which interest notes fell due January 5, 1937. On January 5, 1937, the donor conveyed other notes to the trust having a value of $43,000.

The donor, in making his federal gift tax return for each of the years 1936 and 1937, in the belief that the notes assigned constituted four gifts, took four exclusions un-der § 504(b) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Internal Revenue Acts, page 585, Revenue Act of 1932, § 504(b), which provided: "(b) Gifts less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

On May 13, 1938, the petitioner wrote the donor proposing a deficiency of $1,395 ($300 for 1936 and $1,095 for 1937) in his gift tax liability for those years, stating as the sole basis therefor: "Only one exclusion is allowed in connection with the gifts in trust under the trust agreement dated July 7, 1936, in accordance with the decisions in the cases of Commissioner v. Wells [7 Cir.] 88 F.2d 339, and Commissioner v. Krebs [3 Cir.] 90 F.2d 880, holding a trust to be a person."

In reply to a protest of the donor, the petitioner wrote him on July 14, 1938, in part as follows:

"However, as stated in Bureau letter of May 13, 1938, inasmuch as the gifts were made to a single trust and a trust is considered to be a person in accordance with the holdings in Commissioner v. Wells [7 Cir.] 88 F.2d 339; Commissioner v. Krebs [3 Cir.] 90 F.2d 880, and Knox v. Commissioner, 36 B.T.A. 630, only one exclusion is allowable for such gifts.

"You are further advised that inasmuch as the decision in the case of Davidson v. Welch, [D.C., 22 F.Supp. 726], which was referred to in your protest, is not considered to be a final adjudication on the question of exclusions, no adjustments may be made on the basis of such decision."

On August 5, 1938, the petitioner wrote the donor that the proposed deficiency had been determined, saying: "The determination of the deficiencies and the action of this office * * * are fully explained in the * * * Bureau letters dated May 13, 1938, and July 14, 1938."

On October 22, 1938, the donor petitioned the Board for a redetermination of the deficiency, stating in paragraph 4 of his petition:

"The determination of the tax set forth in said notice of deficiency is based upon the following error:

"The Commissioner has erred in holding that when petitioner in the years 1936 and 1937 made conveyances of property to trustees, to hold the same under the terms of a Trust Indenture for four beneficiaries, the trust, and not the beneficiaries, was the 'person' to whom the gifts were made under the provisions of Section 504(b) of the Revenue Act of 1932; and that, consequently, petitioner was only entitled to one gift tax exclusion of $5,000.00 instead of four gift tax exclusions of $5,000.00 for each of said years."

In his answer the Commissioner denied that the determination of the deficiency was "based upon errors as alleged in paragraph No. 4 of the petition."

Before the Board all of the facts were stipulated. They were that the donor executed the indenture of trust attached to the stipulation for the equal benefit of his wife and his three daughters; that on July 7, 1936, he conveyed to the trustees notes worth $48,000, and on January 5, 1937, conveyed other notes to the trustees worth $43,000; and that he filed gift tax returns for the years 1936 and 1937 as shown by copies attached to the stipulation.

The Board's opinion [1] shows that the only controversy between the donor and the Commissioner was over the number of gifts that the donor had made, the Commissioner contending that the donor had made one gift to a trust in each of the years in question, and the donor contending that he had made four gifts in each year to the beneficiaries of the trust. On the authority of Welch v. Davidson, 1 Cir., 102 F.2d 100, Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 124 A.L.R. 861, and McBrier v. Commissioner, 3 Cir., 108 F.2d 967, the Board ruled that the Commissioner had erred in limiting the donor to one $5,000 exclusion, and that there were no deficiencies in gift tax of the donor for the years 1936 and 1937. The order of the Board was made February 1, 1940.

On April 27, 1940, the Commissioner petitioned this Court for a review of the Board's order.

In his petition, the Commissioner, in describing the nature of the controversy, says: "The Commissioner allowed the taxpayer but one exclusion of $5,000, contending that the gifts made by the taxpayer in the years 1936 and 1937 each constituted a single gift to the trust and accordingly determined the deficiencies of $300 and $1,095 for the years 1936 and 1937, respectively. The Board of Tax Appeals reversed the determination of the Commissioner, in effect holding that separate gifts had been made to each of the beneficiaries of the said trust and, accordingly, held that the taxpayer was entitled to as many exclusions of $5,000 each as there are beneficiaries of the trust. Accordingly, the Board decided that there are no deficiencies in gift tax due from the taxpayer for the years 1936 and 1937."

The only specific errors assigned in the petition are:

"The Board of Tax Appeals erred in holding and deciding that where gifts are made to a trust, the number of exclusions is governed by the number of beneficiaries of such trust.

"The Board of Tax Appeals erred in failing to hold and decide that where gifts are made to a trust, such trust is the donee within the meaning of the statute and, accordingly, that one exclusion of $5,000 is permissible."

On March 3, 1941, the Supreme Court, in Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909, ruled that, under § 504(b) of the Revenue Act of 1932, a donor who conveyed property in trust for the benefit of numerous beneficiaries was entitled to a separate exclusion for each beneficiary. That decision completely unhorsed the petitioner in this case. But on the same day the Supreme Court decided United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, in which it was held that gifts in trust to grandchildren, limited to those who survive a ten-year accumulation period and attain twenty-one years of age, are gifts of "future interests," and that under § 504(b) no exclusions for such gifts can be taken. The Supreme Court approved the declaration contained in Art. 11 of Treasury Regulations 79, 1933 and 1936 editions, interpreting § 504(b), that "future interests" include any interest or estate, "whether vested or contingent, limited to commence in use, possession, or enjoyment at some future date or time." See, also, Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917.

In his brief filed in this Court on October 17, 1941, the Commissioner concedes that the Board decided correctly the only issue submitted to it for decision, but he now

contends (1) that the gifts in trust for the minor beneficiaries (if any of them were minors) were gifts of future interests because of the power of the co-trustee to withhold income from such beneficiaries, and (2) that the gifts made in 1936 were gifts of future interests because no income would be payable to the beneficiaries in that year.

■ The Commissioner states that the question of "future interests" was not raised before the Board because to raise it would have been inconsistent with the contention that the trust was the donee of the trust corpus. It appears that in Welch v. Davidson, supra, 102 F.2d 100; Rheinstrom v. Commissioner, supra, 105 F.2d 642, 124 A.L.R. 861; Helvering v. Hutchings, supra, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Pelzer, supra, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913; and Ryerson v. United States, supra, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, the Commissioner asserted that the trust was the donee and also that the gifts, so far as the beneficiaries were concerned, were of future interests. We think that the Commissioner was free to base his determination of a deficiency upon any and all grounds, and that he could have asserted that the gifts were of future interests. The Board in its opinion expressed the view that the beneficiaries took present interests, and in his petition for review the Commissioner did not challenge that conclusion of the Board.

But the Commissioner contends that there is no impropriety in his raising the question of future interests for the first time in this Court, and that that practice has recently been approved by the Supreme Court under comparable circumstances in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 722, 85 L.Ed. 1037, and Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043. See, also, Helvering v. Blair, 2 Cir., 121 F.2d 945; Commissioner v. Barbour, 3 Cir., 121 F.2d 728; Hopkins v. Magruder, 4 Cir., 122 F.2d 693; Commissioner v. Taylor, 3 Cir., 122 F.2d 714; Commissioner v. Brandegee, 1 Cir., 123 F.2d 58.

■ There can be no doubt of the right of a reviewing court to reverse upon an issue not raised upon the trial, to prevent "a plain miscarriage of justice" (Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037) or to prevent a litigant from escaping payment of an obligation which upon the record before the court he clearly owes (Hormel v. Helvering, supra,

312 U.S. page 560, 61 S.Ct. 719, 85 L.Ed. 1037). See and compare, Helvering v. Hormel, 8 Cir., 111 F.2d 1; Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, affirmed on rehearing, 8 Cir., 72 F.2d 374, certiorari denied, 293 U.S. 596, 55 S.Ct. 112, 79 L.Ed. 690; Robertson v. Nee, 8 Cir., 105 F.2d 651, 652. To prevent a plain injustice, an appellate court may notice obvious errors in either criminal or civil cases, even though not properly called to the attention of the trial court or saved for review. Ayers v. United States, 8 Cir., 58 F.2d 607, 609 and cases cited. But this right to disregard the rule that an appellate court will not ordinarily consider issues of law or fact not raised below, is a right to prevent a clear miscarriage of justice apparent from the record, and not a right to afford a defeated litigant another day in court because he thinks that if he were given the opportunity to try his case again upon a different theory he might prevail.

■ The rule that an appellate court will not ordinarily consider questions not tried below is an important rule of appellate procedure and one which is usually not unjust to litigants. It requires them to deal fairly and frankly with each other and with the trial tribunal with respect to their controversies. It prevents the trial of cases piecemeal or in installments. It tends to put an end to litigation. That the rule applies to proceedings to review orders of the Board of Tax Appeals is apparent from Helvering v. Minnesota Tea Co., 296 U.S. 378, 380, 56 S.Ct. 269, 80 L.Ed. 284; General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 201, 206, 207, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Tex-Penn Oil Co., 300 U.S. 481, 498, 57 S.Ct. 569, 81 L.Ed. 755; and Helvering v. Wood, 309 U.S. 344, 348, 349, 60 S.Ct. 551, 84 L.Ed. 796. The decision of the Supreme Court of the United States in Hormel v. Helvering, supra, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 we think does not indicate any intention on the part of that court to abandon the rule. That case dealt with an exceptional situation in which it clearly appeared that a change in the interpretation of controlling law, occurring after the case was tried but before it came up for review, required, as a plain matter of justice, a different result than that which had obtained in the Board of Tax Appeals.

The Commissioner here contends that the same situation prevails in this case because of the interpretation of the words

"future interests" by the Supreme Court in the Pelzer and Ryerson cases (312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917), which were decided after the petition for the review of this case had been filed. But we cannot say that those cases clearly demonstrate that a plain miscarriage of justice has occurred in this case. The contention of the Commissioner that, since under the trust agreement there would be no payments of income made to beneficiaries in 1936, the gifts were of "future interests", appears unsubstantial since the record indicates that the right of the beneficiaries to future income accrued at the time the trust was created and they were to have the income as soon as the trustees received it. The contention of the Commissioner that if some of the children of the donor who were beneficiaries were minors, the gifts to them were of "future interests" because the co-trustee could or might withhold the payment of income from them and add it to their share of principal during their minority, we think presents a substantial question. But there is nothing in the record to show that any of the children were minors. There is some force in the Commissioner's contention that some of them were probably under age, in view of the fact that the trust instrument gives the co-trustee power to withhold income from minor children or grandchildren.

■ The record in this case and the showing which has been made by the Commissioner in this Court would not justify an order remanding the case to the Board with directions to permit the Commissioner to amend his pleadings and to adduce additional evidence. It must be conceded, however, that if the Pelzer and Ryerson cases had been decided before the Board tried this case, it is possible that a different conclusion as to the amount of taxes due the Government from the taxpayer might have been reached by the Board. If at the time the decisions in those cases were rendered, this case had not been on review in this Court, the Commissioner would, no doubt, have been at liberty to apply to the Board to have the case reopened for the purpose of affording him an opportunity to show that some of the gifts were of "future interests" and that there was therefore a deficiency in gift taxes. We have no desire to prevent the Commissioner from applying to the Board for the relief to which he thinks he is entitled, or to prevent the Board from considering such an application if one is made by the Commissioner. Whether the application, if made, should be granted or denied, we think should be left with the Board to determine.

The decision of the Board in so far as it constitutes a determination of the number of gifts made by the donor is affirmed, but the case is remanded to the Board with directions to permit the Commissioner, if he shall be so advised, to apply to it to have the case reopened and for leave to amend his pleadings and to adduce additional evidence.